DOMENICO MARCONI *vs.* BARTLETT SCRAP IRON COMPANY.

APRIL 29, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

410

BAKER, J. This is a petition brought under the workmen's compensation act. Following a hearing in the superior court a justice thereof entered a decree denying and dismissing the petition. From the entry of that decree the petitioner duly appealed to this court.

It appears from the admitted allegations in the petition and from the evidence in the cause that on October 19, 1936 the petitioner, then about fifty-four years of age, while working for the respondent company sustained an injury by reason of particles of steel entering his right eye. He had worked for the respondent for many years prior to the date above mentioned, and ordinarily operated shears which were used to cut heavy metal. As a result of such injury the petitioner lost the entire sight of his right eye which, however, was not removed. Following the accident, agreements duly approved by the director of labor were entered into by the parties whereby compensation for the petitioner was provided for during his disability, and also specific compensation for his loss of sight as aforesaid.

On January 15, 1937 the petitioner returned to work with the respondent. Thereafter he apparently had some difficulty in carrying out the duties which he had been performing prior to being injured, and he was, therefore, assigned to a lighter job which involved merely the sorting of metals. Finally, he was made yard foreman, receiving a substantial increase in wages. On May 12, 1937, in response to a peti-

tion filed by him, a decree providing for commutation of all payments due under the beforementioned agreement for specific compensation, without any reduction for acceleration, was entered by the superior court. No attorney represented the petitioner at that time. No claim is made by him that any payments are now due under the agreements hereinbefore referred to. On February 23, 1938 the petitioner was discharged by the respondent. During the week immediately prior to that date all of the respondent's employees, including the petitioner, had been examined in respect to their physical condition.

The petition now before us was filed in the office of the director of labor May 9, 1939. In it the petitioner set out a statement of the facts which we have already mentioned, and alleged that on October 19, 1936 he sustained an injury to his right eye from particles of steel, arising out of and in the course of his employment with the respondent; that since that date he has sustained a loss of sight in his left eye; and that, because of the injury above mentioned, he has suffered constant headaches and dizzy and paralytic spells. The petitioner prayed for compensation by reason of alleged permanent total incapacity.

The decree entered in the superior court and now appealed from contained the following findings of fact: "(1) That the petitioner has not proved that he is suffering from headaches and dizziness, which were the forms of physical disability relied upon by him in his proof. (2) That the petitioner has not proved that his present physical condition, assuming that it is such as to result in his disablement, is the proximate result of the injury which he suffered on October 19, 1936."

It is proper to note that the instant petition was apparently tried in the superior court on the theory that the alleged headaches and dizzy spells, of which the petitioner complained, were either new compensable injuries resulting

from the original accident of October 19, 1936, or were new manifestations of that accident, and that they first appeared in August 1937 and continued down to the time of the trial. Such alleged headaches and dizzy spells were the forms of physical disability which were relied upon by the petitioner to show that, when the cause was heard, he was totally incapacitated from working, and his evidence was directed at proving the existence of such forms of disability.

It is clear, from his decision, that the trial justice considered that the questions of fact before him related, first, to the existence of the alleged headaches and dizzy spells, and second, assuming such existence to have been shown, as to whether or not said conditions were the direct or consequential result of the injury of October 19, 1936. That the nature of the present petition, and the evidence submitted thereunder, were as above indicated was recognized in the decree entered following the hearing in the superior court. In such decree it was specifically set out that the headaches and dizziness were the forms of physical disability relied upon by the petitioner in his proof. Therefore, in the paragraph of such decree marked (2) the words "present physical condition" are construed by us, in determining the issues raised in this petition, as referring only to the petitioner's physical condition in relation to such alleged headaches and dizziness, and not to any other possible matters, symptoms or manifestations relating to his physical condition. The existence, extent, effect or cause of any such other possible matters, symptoms or manifestations, if any there be, in our opinion are not before us, and are, therefore, not passed upon by us in any way in the instant proceeding.

It is, of course, expressly set out in the workmen's compensation act itself, general laws 1938, chapter 300, article III, § 6, that in the absence of fraud findings of fact made by the superior court are conclusive. The section in question has been considered in many cases, and it is settled that this court cannot review such findings of the superior court if

there is any legal evidence to support them. See *Reynolds* v. *Freemasons Hall Co.*, 60 R. I. 343. Only when there is an entire absence of such evidence does the question then become one of law upon which we can pass.

The petitioner contends that the findings of fact set out in the decree, as above indicated, were not supported by legal evidence and, therefore, were erroneous as a matter of law. He testified, in substance, that in August 1937 he began to have headaches and dizzy spells which gradually became worse and continued up to the time of trial, and that, because of such condition, he was then unable to work. He did not, however, prior to his discharge voluntarily stop work for this cause. He also gave evidence that he had never suffered such spells and had never worn glasses before his injury on October 19, 1936. There was no evidence supporting the allegation in the petition that he had suffered any paralytic spells, so called.

On the petitioner's behalf a physician, who had been a general practitioner for about six and one half years, and who had never done any eye surgery, but had taken courses relating to the eye and had examined eyes, testified that the petitioner was his patient and that he first saw him professionally about March 1, 1940, at which time he gave him a complete physical examination which, apart from his left eye, was negative. This witness also gave evidence that the petitioner complained of pain, dizziness and headaches aggravated by damp weather, which complaints the witness attributed to a sympathetic condition from the right eye, the sight of which, as already stated, had been lost by reason of the injury in question.

For the respondent, an eye surgeon and specialist with over twenty years practice gave evidence that he examined the petitioner October 9, 1939; that at such time the vision in his left eye, when corrected by glasses, was normal both for distance and for reading. In regard to the possible cause

of the petitioner's alleged headaches and dizzy spells this witness testified 'as follows: "Q. You have been in the Court room during the testimony as given by the doctor and given by Mr. Marconi; did you hear Mr. Marconi tell about his dizziness and headaches? A. I did. Q. And at the time of your examination did you see any evidence of any cause connected with either of his eyes? A. No; his right eye was a totally lost eye, and his left eye was a normal eye for man of his age. Q. So that if he has dizziness when he attempts to work, and if he has headaches following, you would ascribe that to some other condition than the condition of his eyes? A. I would. Q. Did you attempt to find any reason for his complaints he made to you? A. Well; he came to me for an eye examination, and I confined myself entirely to the eye examination. . . . Q. What complaints did he make to you? Did he make any complaints to you? A. No complaints. He said he wasn't working and he wanted to go to work."

The petitioner argues strongly that the finding of fact that he did not prove that he suffered from headaches and dizziness was erroneous as a matter of law. He contends that the direct, unimpeached and uncontradicted evidence is entirely contrary to that finding, and that the trial justice must have disregarded such evidence. Even if we assume, without deciding, that the petitioner's above contention is sound, and that he suffered from headaches and dizziness which prevented his working, he is then confronted by the trial justice's second finding of fact, to the effect that the petitioner's physical condition, meaning, as hereinbefore pointed out, only his condition in relation to alleged headaches and dizziness, is not "the proximate result of the injury" of October 19, 1936. On this question it is clear that the evidence is in sharp conflict, especially as to whether or not the injury on the date above mentioned is the cause of his alleged headaches and dizziness, which is the reason relied upon by him in this petition for his present disability and inability to work.

In deciding the said question, it became necessary for the trial justice to weigh this conflicting evidence in the light of all the circumstances, and to pass upon the credibility of the witnesses involved. He did this, and in his decision stated in substance that in the specialized field of the eye the qualifications of the two doctors, in his judgment, were markedly in favor of the doctor offered as a witness by the respondent, and he therefore accepted the latter's opinion on the disputed medical questions.

It is clear that there was in this cause legal evidence introduced by the respondent which, if believed, supported the second finding of fact made by the trial justice to the effect that the petitioner had not established a causal connection between his physical condition, construed and limited as we have indicated, and the accident of October 19, 1936 upon which he relied. The evidence above referred to was given by the respondent's medical witness and was, after consideration, accepted as correct by the trial justice. This being the case, the finding of fact in question became conclusive, and prevents the petitioner from recovering compensation under the present petition.

In this view of the cause, it becomes unnecessary for us to pass upon the respondent's contention that, in any event, under the provisions of the workmen's compensation act the present petition is brought too late.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Aram A. Arabian, John Quattrocchi, Jr.,* for petitioner.

*Henry M. Boss,* for respondent.