GENERAL SCRAP IRON, INC. *et al. vs.* AMEDE LAPORTE.

JUNE 8, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   This is a petition by the employers to review an agreement, made by the parties under the workmen's compensation act, and providing for the payment of compensation to the respondent. The cause is before this court on the petitioners' appeal from the entry in the superior court of a decree denying and dismissing the petition after a hearing thereon.

It appears from the evidence that on August 18, 1939 the respondent, then in the employ of the petitioners, was injured while unloading scrap iron from railroad cars. In the performance of his work he jumped from one car into another, and his right foot and the lower part of his right leg went through a hole which was in the floor of the car into which he jumped. As a result, said foot, leg and the lower part of his back were injured, and his bladder was apparently affected. Thereafter the agreement now under review was entered into by the parties with the approval of the director of labor. This agreement, which is still in effect and which has been complied with by the petitioners, provided for the payment to the respondent of $10.90 per week, being one half of his weekly wages, and being based on his total incapacity to work.

The present petition prays that the said payments to the respondent be entirely discontinued or diminished, on the ground that the respondent is no longer totally disabled, but

that if he is suffering any incapacity at all, it is only partial. On that issue the respective parties introduced evidence. The trial justice found that the petitioners had not proved, by a fair preponderance of said evidence, that the disability which the respondent suffered had ceased so as to enable him to do any kind of work at that time.

The petitioners first contend that the decree appealed from is defective in form and is a nullity because it does not contain findings of fact as required by the workmen's compensation act. The decree in question is in part as follows: "The Court makes the following finding of fact: That the petitioners have failed to prove by a fair preponderance of the evidence that the respondent has ceased to be totally incapacitated as a result of said accidental injury." General laws 1938, chap. 300, art. III, § 6, after providing that the justice of the superior court who shall hear matters under said act shall file his decision in writing, and that a decree shall be entered thereon, continues as follows: "Such decree shall contain findings of fact which, in the absence of fraud, shall be conclusive."

Assuming that the above-quoted provision applies to a hearing on a petition for review, we are of the opinion that said requirement of the act has been complied with in the instant cause. There was only one issue raised by the present petition and that was whether the respondent had ceased to be totally incapacitated from said accidental injury. The finding of the trial justice on that issue was contained in the decree appealed from. Such finding was in form similar to findings of fact set out in the decree in *Marconi* v. *Bartlett Scrap Iron Co.*, 66 R. I. 409, 19 A. 2d 766. It is not necessary that every finding of the trial justice on all the facts raised by the evidence be contained in the decree. Evidentiary matters and the weight of the evidence may be discussed by the trial justice in his written opinion, but only his findings on such ultimate facts as are put in issue by the petition and the answer, or that have to be proved to sustain the petition, need be contained in the decree.

The case of *Dodge* v. *Barstow Stove Co.*, 40 R. I. 191, on which the petitioners rely in this connection, is clearly distinguishable. That was an original petition, not a petition for review, and plainly raised several issues of fact, the ultimate findings as to which should have been contained in the decree. However, in that case there was no finding of fact whatever in the decree, which merely denied and dismissed the petition. Under such circumstances this court held that both the petitioner and this court were entitled to know in what respect the petitioner had failed to prove his case; that the provisions of the workmen's compensation act relating to the form of the decree had not been complied with; and that the decree was a nullity. In that case, as in the usual original petition for compensation, it is obvious that the petitioner, to succeed, had the burden of establishing several essential and ultimate facts, not involved in a petition to review an existing agreement or decree. In our opinion the *Dodge* case is of no assistance to the present petitioners, and we find that the decree in the instant cause is not defective in form.

The petitioners also contend that there was no legal evidence to sustain the finding of the trial justice that the respondent was still totally incapacitated, and, therefore, that a question of law is raised which may be determined by this court without regard to the provisions of § 6, *supra.* After a consideration of the evidence, we are of the opinion that this contention is without merit.

It is clear from the evidence that, aside from any possible hysteria or mental reaction due to the accident, the most serious injury to the respondent was to his lower back and spine. Apparently, at the time of the trial there was some indication of a spinal condition which had been disclosed by X-ray examination. The petitioners presented as witnesses two physicians. One of them testified chiefly as to the bladder condition of which the respondent complained. The other testified that, in his opinion, the respondent was not totally incapacitated from working but could do light work.

On the other hand, the respondent, himself, testified that he could not work, stating, among other things, that his lower back caused him continuous pain and that he had difficulty when he stooped over. Further, it appeared in evidence that in February 1941 he had returned to the petitioners' place of business and had attempted to do his usual work, but that after less than three hours he was obliged to stop. Other than on this occasion he had not worked since the accident.

The respondent's physician testified, in substance, that the respondent was unable to do the ordinary work of a laborer, such as he had been doing, and also that it was doubtful whether or not he could successfully do lighter work, although this might be attempted. A doctor who had been appointed by the superior court to examine the respondent testified, in substance, that the latter could not do a normal day's work and that he did not think the respondent was a "faker". He testified also that under certain conditions he could do light work so far as his mere physical condition was concerned, but he would not say that he did not have something wrong with him, perhaps in the nature of hysteria or mental reaction due to the accident.

On this state of the evidence it is our opinion that the finding of fact of the trial justice that the respondent was still totally incapacitated was supported by legal evidence. In accordance with the provisions of the workmen's compensation act, such finding is, therefore, conclusive in the absence of fraud, which is not an issue in this cause.

The petitioners' appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

*George Ajootian, Henry R. DiMascolo,* for petitioners.
*Henry M. Boss, Francis W. Conlan,* for respondent.