GILBANE BUILDING COMPANY *vs.* BARTLETT F. FEENEY.

OCTOBER 23, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is a workmen's compensation case in which an employer filed a notice of intention to reduce the payment of compensation to an injured employee for total disability to the maximum payment for partial disability as provided for in general laws 1938, chapter 300, as amended by public laws 1954, chapter 3297, article III, sec. 12.

It is not disputed that the respondent, while employed as a laborer by the petitioner, on October 1, 1954 was injured when he fell down a flight of stairs at a housing construction project. A preliminary agreement was entered into by the parties whereby the employee was paid compensation for total disability. The injury was described in the agreement as "Major bony spur, right os calcis." After a hearing before a single commissioner a decree was entered on June 25, 1956 wherein he made the following findings of fact: "1. The Respondent continues to remain totally disabled. 2. Also the facts are sufficient to warrant the application of the 'odd lot' doctrine."

From this decree petitioner appealed to the full commission which, after a hearing, filed a decision in writing. An examination of such decision reveals that the full commission passed only upon the issue of whether petitioner had sustained the burden of proving that the employee's total disability had ended or diminished and, finding that petitioner had not so proved, they declined to pass upon the finding of the single commissioner concerning the applicability of the "odd lot" doctrine. In the decision the commission further stated that they found no error in the single commissioner's finding of fact numbered 1, that is, that the employee continued to be totally disabled, but made no finding relative to the finding of fact numbered 2. Thereupon the full commission on October 25, 1956 entered a decree wherein they affirmed both findings of fact. From this decree petitioner has appealed to this court. The pertinent part of such decree reads as follows: "The findings of fact and the orders contained in a decree of this com-

mission entered on June 25, 1956 be, and they hereby are affirmed."

The petitioner contends that the full commission were in error when they refused to review the correctness of the finding of the single commissioner that the "odd lot" doctrine was applicable to the employee's case. We do not agree. It is our opinion that in the circumstances here a finding on the applicability of the "odd lot" doctrine was immaterial to the decision and we know of nothing in those provisions of the act, which on appeal authorizes the full commission to review the findings of a single commissioner or that requires such a review of findings which are not material to the decision.

The petition which we are considering here is in effect a petition to review the total incapacity of an employee. Such petitions we have held raise only one issue and that is whether the respondent has ceased to be totally disabled by reason of his injury. *General Scrap Iron, Inc.* v. *LaPorte,* 68 R. I. 98. Certainly that is the issue for primary decision, and when the petitioner fails to prove that total disability has either ended or diminished there is no materiality to the question of whether the doctrine of "odd lot" is applicable. Because of the view which we take of this point, we are of the opinion that we need not consider those contentions of petitioner which relate to the questions of whether the findings of the commission are inconsistent and whether the finding that the "odd lot" doctrine applies are supported by legal evidence.

We now turn to petitioner's contention that the finding of the commission that the employee's total incapacity continues is not supported by legal evidence. It is our opinion, after examining the transcript carefully, that there is evidence which supports a finding that the total incapacity of respondent continues. It is true that there was conflicting evidence on this point, but on appeal this court is not concerned with the weight to be given the evidence. Ques-

tions on weight and credibility are for the commission. This court only ascertains whether there is any legal evidence that supports the findings of the commission, and where such evidence exists the findings in question are conclusive and binding upon us. *Bahry* v. *City Fabrics, Inc.*, 80 R. I. 411. In our opinion the finding of the full commission that the employee's total incapacity continues is supported by competent legal evidence.

We are, however, of the further opinion that the full commission erred in entering the decree of October 25, 1956 in the form in which it appears in the record. It is obvious from an examination of their written decision that they intended to affirm only finding numbered 1 in the decree of June 25, 1956, which reads: "1. The Respondent continues to remain totally disabled." In the form in which it was entered, the decree of October 25, 1956 affirms not only finding numbered 1 but also finding numbered 2 in said decree. Obviously petitioner is entitled to have this error corrected.

The instant case presents a situation in which certain provisions of the act are applicable. Since sec. 3 (g) of art. III of the act as amended reads in part as follows: "and if the decision requires the entry of a new decree, notice thereof shall be given the parties * * *," we think that the findings of the full commission were such as to require the entry of a new decree. The cause should be remanded to the commission for the entry of a new decree in conformity with the provisions of the act and with this opinion.

The appeal of the petitioner is sustained in part, and the cause is remanded to the workmen's compensation commission for further proceedings in accordance with this opinion.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Joseph H. Gainer, Jr.*, for petitioner.

*Murphy, Morriss & McKenna*, for respondent.