## WALSH-KAISER COMPANY, INC. *vs.* CHARLES D'AMBRA.

JUNE 6, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a petition for review brought by an employer under the provisions of the workmen's compensation act, general laws 1938, chapter 300, as amended, in order to have determined the extent of the respondent employee's disability and the amount of compensation due him, if any. After a hearing in the superior court a decree was entered, and thereafter the respondent duly prosecuted his appeal to this court.

The agreement sought to be reviewed was entered into on May 12, 1944, and sets out that the respondent sustained an injury April 29, 1944 arising out of and in the course of

his employment. The agreement describes the injury as a "Muscle strain of dorsal back", and provides for compensation for total incapacity at the rate of $20 per week commencing May 4, 1944. The evidence in the cause shows that the respondent suffered the injury while he and others were moving several heavy steel tables in cleaning up the burner shop, and that he was employed in the petitioner's shipyard as a "burner".

The decree appealed from, which was entered November 8, 1946, following the filing of a rescript by the trial justice on October 30, 1946, contained three findings of fact to the effect that the respondent was no longer totally disabled; that as of the date of the filing of the decision the respondent required two weeks of light work and exercise in order to prepare himself for full employment; and that after two weeks of exercise and light work the respondent would be fully recovered from the effects of his injury. The decree then contained the following order: "That the liability of the petitioner to pay compensation to the respondent in the amount of Twenty Dollars ($20.00) per week, in accordance with the preliminary agreement, in effect between the parties, is modified to provide for the payment of compensation for partial disability in the amount of Eighteen Dollars ($18.00) per week, in accordance with the provisions of section 11, Article II of the Workmen's Compensation Act, until November 14, 1946; and that as of November 15, 1946, the liability of the petition (sic) to pay compensation to the respondent under the terms of the preliminary agreement in effect between them shall terminate."

The respondent's reasons of appeal attack the second and third of the above-stated findings of fact in the decree and also that part of the decree which stated in substance that the respondent will be fully recovered on November 15, 1946 and that the petitioner's liability for any further payments under the terms of the agreement is terminated. As the petitioner prosecuted no appeal from the entry of the above decree, and as the respondent's appeal is limited as above

indicated, the issues before us are narrowed. Thus the finding in the decree that the respondent is no longer totally disabled and the order that he be paid $18 per week for partial disability instead of $20 for full disability are not questioned.

The petitioner supports the decree as being based on legal evidence and as not being contrary to law. The respondent, however, contends in substance that the trial justice should not speculate as to the probability of respondent's disability or lack thereof in the future. He also contends that said justice committed an error of law in finding that the respondent would be completely recovered from the effects of his injury and would be able to resume his regular occupation at a definite future time, and in ordering that all payments of compensation should cease as of that date.

The evidence shows that the respondent is a married man of about thirty-five years of age. Before being employed by the petitioner he did deep-sea fishing for about eight years, and worked several years as a laborer for the New York, New Haven & Hartford Railroad Company and also at Quonset Point. He now lives in a tenement owned by his father and pays no rent. Since the accident he has not done any work, not even work around his house. He wears a brace for his back and complains of pain, especially in his lower back, and also of inability to remain for any length of time in one position, either standing or sitting. When the cause was heard in the superior court he was receiving occasional infrared therapy from a doctor. The respondent testified that he was willing to submit to an operation on his back, if a doctor advised it, and would do anything to get his back in proper condition. He also testified that he was willing to try light work "if I am capable of doing it".

In addition it appears from the evidence that, after consulting a doctor in the latter part of July, 1944, the respondent went to the petitioner's shipyard to see if he could get any light work, but all that was offered was, in substance, his former job, which was heavy work. Since then he has

made no attempt to get any kind of work, and apparently no light work has been offered him by the petitioner, which closed its shipyard in 1945. The trial justice made the following comment in his rescript concerning the respondent: "The Court cannot and does not say that this respondent is a malingerer in the sense that he is consciously and understandingly pretending to have a condition which he does not have, but it thinks that he has far less resolution and courage than is possessed by the normal married man."

Five doctors testified as to the respondent's physical condition at different dates between the summer of 1944 and the time of the hearing in October, 1946. Two of these doctors attended the respondent at his own request; two were apparently representing the petitioner or its insurance carrier; and the remaining doctor was appointed by the state department of labor as an impartial medical examiner. Their testimony was not in conflict except in a few instances.

They all described the respondent's injury as a back sprain, some terming it a "low back sprain" and one "a chronic back sprain". They all agreed substantially that X-ray photographs which had been taken of the respondent's back were negative; that he did not suffer from limitation of motion; that his symptoms were subjective and not objective; that in their respective opinions he could do light work at the time of the hearing in the superior court; and that he was not then totally disabled. One of the doctors was of the opinion that the respondent would never be able to do heavy laboring work but would remain partially disabled. The other four doctors were of the opinion that, since the respondent had been out of work so long, he should start by doing light work in order to get himself into proper physical condition before attempting to do ordinary heavy work which, however, in their judgment he eventually should be able to do. One doctor thought he should do light work for from two to four weeks; another doctor thought a month or so; a third doctor thought between three and five months; and the fourth doctor did not specify any particu-

lar time. In their testimony various kinds of light work were mentioned, such as any sedentary work, bench work where the respondent could stand or sit at his desire, truck driving, and work in a manufacturing jewelry plant.

In this state of the record we are of the opinion that the trial justice either overlooked or misconceived the evidence and committed an error of law in ordering, in the decree appealed from, that the payment of $18 per week as compensation for partial disability should continue only until November 14, 1946, and that as of November 15, 1946 the liability of the petitioner to pay any compensation to the respondent should terminate.

The evidence clearly supports the respondent's contention that at present he is at least partially incapacitated; that he is entitled to compensation therefor; and that he will remain thus incapacitated until he performs light work for such a length of time as is deemed necessary to enable him to get himself into condition to do his regular, ordinary laboring work. The decree appealed from was apparently drawn on the assumption that the petitioner at that time had light work or could have easily obtained such work and would be able to perform it. That was not the case. He was not then employed and no light work of any kind had been offered him by or on behalf of the petitioner; nor was there evidence that such work was reasonably available to him and that he was able to do it. In the circumstances of this case, by November 15, 1946, which date incidentally allowed the respondent the shortest amount of time suggested by any of the witnesses for improving his physical condition, he might well have had no light work that he could perform and still be partially incapacitated, according to the evidence.

We find no express provision in the workmen's compensation act covering the situation presented in the instant cause in respect to the amount of compensation due for partial incapacity of the nature found in the existing circumstances; nor any provision pointing out how such a case

should be disposed of reasonably and fairly. Until the legislature expresses its intention with reference to the disposition of such a case, which would be the approved way to deal with the question, we must determine it by adopting, with the aid of pertinent decisions of this court, a construction of the act which will in our judgment reasonably carry out its purposes.

In a petition for review, where the employer claims that the incapacity of the respondent employee is ended or substantially reduced and where, after a hearing, present partial incapacity is established, as here, the burden is also on the petitioner employer to prove the extent of that partial incapacity so that the amount of compensation due may be fixed in accordance with what the employee can reasonably earn. Similarly where the petitioner is the employee the burden is on him to prove the necessary elements of his claim.

In the instant cause no evidence was submitted by the petitioner, or by anyone else, to show the present earning capacity of the respondent employee. Neither was there any evidence introduced to show that he had been offered a job by the petitioner; that there was readily available to him other work which he was able to do; or that he was uncooperative and would not make a reasonable effort to obtain work suitable to his condition. In these circumstances it is clear that the petitioner has not sustained the above burden imposed by law upon it.

In our opinion, therefore, the trial justice, in the absence of satisfactory proof of the extent of the respondent's present partial incapacity, could only reduce the compensation, as he did, by an order requiring the employer to pay to the employee the maximum amount of compensation called for under the act for partial incapacity, viz., $18, until in some other proceeding thereunder evidence was produced which proved the extent of the employee's present earning capacity. In the instant cause to arbitrarily stop all compensation on November 15, 1946 would be unjust to the respond-

ent. He would not have had a reasonable chance to meet the conditions as to work recommended by the medical witnesses. Further, on the record before us the trial justice could not properly reach into the future and determine the amount of compensation then to become due, or when it should cease to be due.

█ We do not mean to imply, however, that the respondent has no duties or responsibilities in this connection. In the circumstances herein he clearly is called upon to be cooperative, and to make reasonable efforts to obtain suitable light work so that his actual earning capacity may be determined. The duty of an injured employee in this respect was discussed by us at some length in *Collyer Insulated Wire Co.* v. *Hockenson,* 71 R. I. 415, and need not be set out again here. Conceivably the respondent may be called upon later to show what bona fide efforts he has made to obtain such light work.

The petitioner has cited to us the case of *Myles* v. *Forcum-James Co.,* 16 S. 2d (La.) 542, as supporting its position. This decision is not by a court of last resort; and even if sound, in our opinion it is distinguishable on its facts from the instant cause.

We find, therefore, that the decree should be modified by striking therefrom the following words: "until November 14, 1946; and that as of November 15, 1946 the liability of the petition (sic) to pay compensation to the respondent under the terms of the preliminary agreement in effect between them shall terminate."

The respondent's appeal is sustained, the decree appealed from is modified as above stated; otherwise it is affirmed; and the parties may, on June 25, 1947, present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Henry M. Boss, Francis W. Conlan,* for petitioner.

*Roger L. McCarthy,* for respondent.