WALSH-KAISER COMPANY, INC. *et al. vs.* HAROLD C. CHAMPNESS.

JUNE 6, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a petition under the workmen's compensation act, general laws 1938, chapter 300, by the employer and its insurance carrier, hereinafter referred to as the petitioner, to review an agreement between the parties, duly approved by the director of labor, which agreement provided for the payment to the respondent of $20 a week for total incapacity resulting from injury by accident in the course of his employment. The cause is before us on respondent's appeal from the entry in the superior court of a decree finding partial incapacity and ordering that compensation be paid at the rate of $10 a week for a period of

thirteen weeks, at the expiration of which time such payments were to cease.

Respondent's capacity to work was the controlling question at issue. Petitioner contended that respondent had completely recovered from an injury to his lower back, while the latter contended that he was still incapacitated to do work of any kind. Doctors Roland Hammond and Herbert E. Harris, both orthopedic specialists whose qualifications were unquestioned, testified for the petitioner. Their testimony was not contradicted by any medical evidence, the respondent being the only witness in his own behalf.

The evidence shows that the respondent, who was about forty-four years old at the time of the accident, March 7, 1944, had owned and managed a clothing store in Pawtucket, in this state, for some twelve years prior to securing employment as a ship fitter at petitioner's shipyard in Providence. In the course of his work and while walking across certain rails, the respondent slipped and fell, sustaining an injury to his lower back, for which he has been receiving total disability payments since March 17, 1944 under the agreement hereinbefore mentioned.

Doctor Hammond testified that he had examined the respondent in January and November, 1945 at the request of the director of labor; that on each occasion he had the benefit of X-ray films; and that, except for a congenital arthritic condition shown by the X-ray films, he found no objective evidence of injury to respondent's lower back. His unqualified opinion was that the respondent would be able to return to his regular work after first engaging in light work for at least three months.

Doctor Harris, who examined the respondent about a week prior to the hearing in the superior court in December, 1946, expressed the same opinion as Dr. Hammond. He also testified that, after engaging in light work for three months at the outside, the respondent could return to his regular work, and that his inability to do such work at the time of the hearing was due to his absence from all work for an ex-

tended period and not to his general physical condition. Upon being asked in cross-examination whether it would not be necessary again to examine the respondent at the end of three months to be sure that he could then do his regular work, the doctor replied: "I would get the same findings then that I have now. It would only be his say-so against my findings."

The respondent testified that he received treatment for his back for a few months following the accident; that, in September, 1944, he went to Dr. Mara, in Pawtucket; that he has been under his care ever since, going to his office regularly once each week; that, except for a very short period, he has been treated for "nerves and low blood pressure", but not for the injury to his back; and that, so far as that injury was concerned, the doctor advised him that rest and local application of heat at home would be the best remedy in the circumstances. In connection with this testimony respondent was asked: "Q. You have been taking his advice then about resting your back and having heat for a period of more than two years? A. Yes, sir." He further testified that he had attempted to do no work since the date of the accident, and that, due to his nervousness and inability to sleep, he now felt "totally unable to do any and all kinds of work". Doctor Mara did not testify, nor was any explanation given for his absence as a witness.

■ The trial justice in effect found that although the respondent had substantially recovered from the effects of his injury, he was still partially incapacitated because, having done no work for a long period, he was unable, according to the medical evidence, to engage in the same or similar work that he was doing at the time of the accident without first being employed in some light work for a relatively short time. This finding is supported by legal evidence and therefore is conclusive under the act.

■ The finding awarding compensation for partial incapacity at the rate of $10 a week is without any legal evidence to support it and is therefore arbitrary and erroneous

in law.  The further finding that at the end of thirteen weeks all payments of compensation were to cease is erroneous for reasons similar to those which are fully set forth in our opinion of this date in *Walsh-Kaiser Co., Inc.* v. *D'Ambra,* 73 R. I. 37, to which reference is hereby made and therefore need not be set out again here.  However, as we said in the *D'Ambra* case, the respondent is clearly called upon to be cooperative and to make reasonable efforts to obtain for himself suitable light work so that the extent of his disability may be determined.  He may be called upon later to show what bona fide efforts he has made to obtain such light work and unless he is cooperative he runs the risk of losing all benefits provided by the act.  *Collyer Insulated Wire Co.* v. *Hockenson,* 71 R. I. 415.

For the above reasons our conclusion is that the decree in this cause should be modified by changing the rate of weekly payments from $10 to $18 a week until modified in accordance with the provisions of the act, and by striking therefrom the statement that "at the expiration of which time all compensation shall cease".

The respondent's appeal is sustained, the decree appealed from is modified as above stated; otherwise it is affirmed; and the parties may, on June 25, 1947, present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Hinckley, Allen, Tillinghast & Wheeler, Thomas J. Hogan, Harold A. Andrews,* for petitioner.

*William R. Goldberg,* for respondent.