BERKSHIRE FINE SPINNING ASSOCIATES, INC. *vs.*
ALICE LABEL.

MARCH 22, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

CONDON, J. This is a petition to enforce an order of the director of labor in a workmen's compensation case, general laws 1938, chapter 300. The petition was heard by a senior industrial examiner in the department of labor and granted by him with the approval of the chief of the division of workmen's compensation and the director of labor. The respondent appealed from that decision to the superior court where, after a hearing *de novo,* a decree was entered granting the petition. From that decree respondent has appealed to this court.

The petitioner is the employer of the respondent, who received a personal injury by accident arising out of and in the course of her employment on October 5, 1942. On November 1, 1942 they entered into a preliminary agreement for the payment of compensation to respondent for the duration of total incapacity or until otherwise terminated in accordance with the provisions of the workmen's compensation act. The agreement described the location and injury as "Pain and tenderness over sacro-iliac region,

limitation on forward bending." Such agreement, having been approved by the director of labor on November 19, 1942, thereafter had the force and effect of a decree until modified or terminated according to law, or by a supplemental agreement. *Carpenter* v. *Globe Indemnity Co.*, 65 R. I. 194; *Gobeille* v. *Ray's Inc.*, 65 R. I. 207; *Hingeco Mfg. Co.* v. *Haglund,* 65 R. I. 218.

Pursuant to the law established and reiterated by those cases petitioner sought to modify the agreement by filing in the office of the director of labor a petition to review such agreement. That petition was heard by the chief of the division of workmen's compensation in that office on April 30, 1943 at which hearing respondent was present but was without benefit of counsel. After the hearing the chief of the division filed a written decision on August 26, 1943, which was approved by the director of labor and contained the following specific findings: "We find that the respondent cannot return to her former work. We find that the respondent can do light work not involving bending or lifting or excessive standing." The decision concluded by ordering the respondent to make a serious effort to perform light work which met those requirements, if such work is offered by the petitioner, and by further ordering petitioner to continue paying respondent total compensation up to the time she returned to work.

Respondent did not appeal from that decision and it, therefore, became final and binding upon her. Thereafter it was her duty to return to work at such light employment, other than her former work which was that of a spooler tender in a textile factory, providing such light work did not require *bending* or *lifting* or *excessive* standing. Despite the fact that the petitioner offered her what it considered light work in accordance with such decision and twice communicated with her by letter, respondent neither returned to work nor answered those letters. During this time petitioner continued to pay respondent total compensation provided under the preliminary agreement.

Apparently becoming convinced that the respondent did not intend to return to its employ and try to do light work, the petitioner, on January 17, 1944, filed in the office of the director of labor a petition for review to enforce the order of August 26, 1943. After a hearing before a senior industrial examiner in that office a decision was rendered granting the petition and authorizing the petitioner to suspend further payments of compensation "for such time as the respondent shall continue to refuse to comply with the order previously entered in this matter by this department." It was from that decision respondent appealed to the superior court on March 30, 1944. Pending such appeal petitioner continued to pay compensation.

The superior court, in accordance with law, heard the petition *de novo* on April 29, 1946 and on the same day decided in favor of the petitioner. On the following day it entered its decree formally finding that the respondent had failed to comply with the decision of the department of labor of August 26, 1943, and that petitioner had complied therewith and in all respects had fully met its obligations under the preliminary agreement. Based on those findings, it adjudged and decreed that the petitioner was entitled to cease payments of compensation to respondent, as of April 29, 1946. Notwithstanding respondent's appeal from that decree to this court, petitioner ceased, on that date, to make further payments of compensation.

Respondent has advanced fourteen reasons of appeal. However, on our view of the record it will not be necessary to consider all of them. It will be sufficient if we discuss what we may term her general reasons, namely, that the decree of the superior court is against the law and the evidence. Many of her specific reasons are really comprehended under either one or the other of those general reasons. Basically, there are two questions of law raised by those reasons, the answers to which, in our view, decide the appeal. The first question is: Were the proceedings

in the director of labor's office to review the preliminary agreement void because they were not heard by the director personally? The second question is twofold. If those proceedings were not void for that reason were they otherwise unlawful because the evidence introduced in the second proceeding did not constitute legal evidence to support the decree of the superior court, or because respondent was not represented by counsel?

The petition in the first proceeding was heard and decided by the chief of the division of workmen's compensation and his decision was approved by the director of labor. Under public laws 1941, chapter 1053, that official is expressly given "supervision over the enforcement of the provisions of" the workmen's compensation act, "and shall perform such other duties as may be prescribed by the director of labor." That language scarcely needs construction. By it the legislature, in our opinion, clearly intended to vest in the chief of the division of workmen's compensation, subject to rules and regulations prescribed by the director, the power to hear and decide questions arising under the workmen's compensation act.

The petition in the second proceeding, which was brought to the superior court by respondent's appeal and which is now before this court on her appeal from the decree of that court, was heard and decided by a senior industrial examiner in the office of the director of labor. We have been unable to find in the workmen's compensation act prior to its amendment by P. L. 1947, chap. 1870, any provision which expressly or by necessary implication vests such power in that official or which authorizes either the director of labor or the chief of the division to delegate it to him. Therefore, notwithstanding the approval of the examiner's written decision by the director and the chief of the division, we are constrained to hold that it is without legal force or effect. But it does not necessarily follow that the proceeding which was heard *de novo* in the superior court on appeal from that decision must be held void.

Ordinarily where a proceeding in the tribunal of first instance is held to be void there is nothing left to be reviewed on appeal. Here, however, the removal of the proceeding to the superior court by the attempted appeal called for a trial *de novo*. The parties were given the full benefit of such a trial without regard to the findings of fact or conclusions of law made by the examiner in the proceedings before him. In other words, the parties were accorded the fullness of the remedy to which they would have a right if the law required petitioner to bring its petition to enforce the order of August 26, 1943 originally in the superior court. Significantly that is what the workmen's compensation act does provide. G. L. 1938, chap. 300, art. III, §1. Apparently in filing in the office of the director of labor its petition for review to enforce the order, the petitioner overlooked that provision which requires that such proceedings be brought in the superior court. In *Carpenter* v. *Globe Indemnity Co., supra,* the employee misconceived the proper forum in which he should originally pursue the remedy. Here it is the employer who has mistaken the forum. In the *Carpenter* case we considered and decided the petition as though it had been originally filed in the superior court, discussing at some length our reasons therefor. We know of no reason why the employer should be treated differently, and consequently we reject respondent's contention that the instant proceeding in the superior court was null and void.

The next contention is that the proceedings in the office of the director of labor were illegal and void, because each petition was heard and decided there without respondent being represented by counsel although petitioner was so represented. It does not appear that respondent was denied counsel by any official in that office. If she desired counsel to represent her there she could have been so represented. Whether or not she was informed of that right does not appear, but even if we assume that she was not so informed that fact would not invalidate the proceedings. We know

of no law which requires the communication of such knowledge to a workman in a workmen's compensation case whether he be a petitioner or a respondent. And in any event respondent has had, in the instant cause, full benefit of counsel in the superior court and in this court.

This brings us to the most important point relied upon by the respondent. She contends that the evidence upon which the trial justice based his decree does not constitute legal evidence. That contention raises a pure issue of law. Unless there is legal evidence to support the decree it is erroneous as a matter of law. *Jillson* v. *Ross,* 38 R. I. 145. The decree finds that the petitioner fully complied with the decision of August 26, 1943 and that the respondent failed to so comply. Those findings answer the only questions which were properly before the trial justice on the petitioner's petition. He rightfully refused to admit and consider any evidence that was irrelevant thereto. If the evidence which was admitted and upon which his findings rest constitutes some legal evidence, regardless of its weight or credibility, we cannot disturb those findings.

That evidence consists principally of copies of two letters which petitioner sent to respondent offering her employment. Each letter was admitted as an exhibit and marked "C" and "D" respectively. Respondent did not deny that she received those letters. She did not reply to either and testified that her reason was that she was not able to go to work. Exhibit "C," dated September 3, 1943, simply stated: "We have one of several jobs open for you, so will you please call at the Mill and see Mr. Landry in regard to this matter." Receiving no reply to that letter and not otherwise hearing from the respondent, petitioner sent her another letter, dated November 2, 1943, which is exhibit "D." The pertinent part of that letter reads: "I wrote to you some time ago with the purpose of finding out if you could return to work with us. As I have as yet received no reply, I thought it best that I might clarify the position for you. Your job would be your old one of

spooler tender. The only lifting that you will be required to do is to put the full spools on the creels and the bobbins on the spools. As you know, at no time will you be handling over one and a half pounds. We will see that you will not have to lift your empty bobbin boxes or lift the yarn boxes. In addition you can rest as your needs demand."

Obviously the first letter is without any evidentiary value to prove that petitioner was ready and willing to offer respondent light work which she could do in accordance with the requirements of the decision of August 26, 1943 by the chief of the division of workmen's compensation. Apparently petitioner itself recognized that fact, because in its second letter it sought to clarify its position in the matter. That letter does offer the respondent specific work and does undertake to assure her that she may take periods of rest as she feels the need of them, but beyond that it clearly fails on its face to meet the requirements of the decision of August 26, 1943. First of all, the work offered is that of her former job of spooler tender notwithstanding the express finding in the decision that "respondent cannot return to her former work." Secondly, the offered work requires some bending, lifting or stooping contrary to another finding of the decision that the light work which respondent should try to do should not involve bending or lifting. The fact that the petitioner offers to lighten the lifting does not alter the case. The requirements of the decision are clearly not met by an offer of her former work of spooler tender which requires either bending or lifting.

In this proceeding to enforce an order which, as petitioner argues, is somewhat akin to a proceeding in contempt, the respondent is entitled to proof of strict compliance by the petitioner with the order before she can be penalized for declining to comply therewith. Here we are not passing upon the reasonableness of the petitioner's offer. Whether or not the work offered is such that respondent is physically

**14**

able to do, even though it does not meet the precise requirements of the order, is not open for us to determine at this time nor was it open to the superior court. This petition seeks the court's assistance in enforcing an order to the respondent to perform light work if the petitioner furnishes her a job which meets certain requirements that are specifically set forth in the decision. On the face of the evidence those requirements have not been met. Therefore, there is, in our opinion, no legal evidence to support the trial justice's finding that the petitioner had fully complied with the decision of August 26, 1943.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings.

ON MOTION FOR REARGUMENT.

AUGUST 9, 1948.

PER CURIAM. After our opinion was filed in the above-entitled case, the petitioner requested leave to file a motion for reargument, which request was granted and such a motion was duly filed. In substance, that motion is based upon the claim that a certain point in our decision, namely, the lack of authority of the senior industrial examiner in the department of labor to hear and decide petitions under the workmen's compensation act, had not been as fully argued and briefed as it should have been in view of its far-reaching implications, now apparent from our decision.

Since petitioner's motion was filed, the superior court has certified to this court three questions of doubt and importance which arose in a workmen's compensation case pending before it, Rose Apice v. American Woolen Company, Inc., No. W.C.A. 7747, which questions involve various phases of the same issue that is the basis of the present motion. Those questions were fully briefed and argued in this court, and in our opinion in *Apice* v. *American Woolen Company, Inc.*, 74 R. I. 425, have been definitely answered by us consistently in the main with

our holding in the instant case. We are therefore of the opinion that there is no need for further argument on the point.

Motion denied.