290 A.2d 402.
M. SAMAS Co. *vs.* CONCHETTA D. CIPRIANO.

MAY 9, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is an employer's petition to review an award of compensation for partial incapacity under the Workmen's Compensation Act. After a hearing before the trial commissioner both parties filed claims of appeal to the full commission from the decree entered by the trial commissioner. The full commission denied the employee's appeal and granted the employer's appeal in part. The cause is here on the employee's appeal from the decree of the full commission.

The narrow issue raised by this appeal is whether the commission had jurisdiction to grant the employer credit for certain overpayments of compensation made to the employee. We hold that the commission has authority to grant an employer credit for overpayment of compensation benefits to an employee in a case such as this.

The facts are not in dispute. On June 8, 1967, the employee sustained a compensable injury while employed by petitioner. On November 25, 1968, a decree of the full commission was entered in W.C.C. No. 68-0630. The decree included findings that the employee's average weekly wage was $111.80 and that on November 30, 1968, the employee returned to work and had established an earning capacity of $96 per week. Under the decree the employer was ordered to make payments for total and partial incapacity for certain periods expressly set forth therein but not germane here. The decree also contained the following order which is pertinent to the question raised by this appeal:

> "2. That commencing September 30, 1968 and continuing until modified or terminated in accordance with the provisions of the Workmen's Compensation

Act, the respondent shall pay to the petitioner benefits for partial incapacity in accordance with the provisions of Section 28-33-18 of the General Laws of Rhode Island (1956) as amended, at the rate of sixty (60%) per cent of the difference between her average weekly wage and her earnings and salary, but in no event to exceed $9.48 per week."[1]

By petition to review dated February 1, 1971, the employer sought review of the decree filed on November 25, 1968, in W.C.C. No. 68-0630. The petition alleged that the employee had returned to work and was earning "average wages in the sum of $118.06 weekly." The petition prayed that the commission find that the employee had

---

[1]Section 28-33-18 reads as follows:

"Weekly compensation for partial incapacity.—While the incapacity for work resulting from the injury is partial the employer shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages, earnings, or salary, before the injury and the weekly wages, earnings or salary which he earns thereafter, but not more than twenty-two dollars ($22.00) a week; provided, however, if, after his injury, the employee is unable to obtain any work to determine his earning capacity or to prove the amount of his loss of earning capacity with reasonable definiteness, then the workmen's compensation commission shall have the power in the interest of justice to fix the dollar value of the weekly earning capacity which said employee has, which dollar value shall be reasonable, having due regard to the evidence and all other pertinent factors presented at the hearing. In such latter case the employer shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages, earnings or salary before the injury and said estimated dollar value of weekly earning capacity, but said employee shall not receive as partial disability compensation more than twenty-two dollars ($22.00) per week; provided, further, however, that where a partially incapacitated employee has made a bona fide attempt without success to obtain suitable work he is able to perform and the employer is unable to offer the employee suitable work he is able to perform or is unable to present evidence that such suitable work is available elsewhere, then said employee shall receive as weekly compensation the amount payable for total incapacity.

"In the event partial compensation is paid, in no case shall the period covered by such compensation be greater than eight hundred (800) weeks from the date of the injury."

"established an earning capacity of at least $110.00 per week."

It appears from the decision of the full commission that the employee had been working regularly since September 1968, and that, although partially incapacitated, had earned fluctuating wages from $98 to $140 weekly. On March 23, 1971, during the course of the hearing before the trial commissioner, the employer requested permission to amend its petition by adding a prayer that it be given credit with respect to future payments for partial incapacity to the employee because of overpayments made under the November 25, 1968 decree. The overpayment resulted from the employee's failure to notify the employer of her weekly earnings from her new employer. The employer made no claim of fraud on the part of the employee. The record contains a transcript of the employee's earnings. It reflects an average weekly wage of $118.06 during the period covered by the transcript.

In his decision the trial commissioner states that the employee had been working since September 30, 1968, at an earning capacity of at least $96 per week; that since about August 31, 1970, she had been earning $110 per week; that the knowledge of her increased earnings was not communicated to the insurance carrier; that the employee was receiving $9.48 per week until February 3, 1971; and that at the time of his decision the employee had an earning capacity of $110 per week. He made express findings that (1) the employee was still partially incapacitated for work by reason of her June 8, 1967 injury and (2) that she had an earning capacity of $110 per week since August 31, 1970.

The trial commissioner concluded that the employer was entitled to credit for the overpayments which had been made to the employee and accordingly made the following orders:

> "Commencing as of August 31, 1970 and continuing until this order is modified or terminated in accordance

with the provisions of the Workmen's Compensation
Act, the petitioner shall pay to the respondent compen-
sation for partial incapacity in accordance with the pro-
visions of General Laws 1956, Section 28-33-18, but not
more than $1.08 per week.

"The petitioner shall be entitled to credit against
future compensation, at the rate of $1.08 per week, un-
til over-payments made to the respondent by the peti-
tioner since August 31, 1970 have been repaid."

We note that the trial commissioner limited the period of
credit to the overpayments made since August 31, 1970.

A decree incorporating the findings and orders of the trial
commissioner was entered on April 2, 1971. Both parties
claimed an appeal to the full commission which, after hear-
ing, granted the employer's appeal in part and denied and
dismissed the appeal of the employee.

In its decision the full commission stated the employer
was entitled to take credit for the overpayments of benefits
for the full period during which the employee received an
excess amount instead of from August 30, 1970, the date
fixed by the trial commissioner. It relied on G. L. 1956
(1968 Reenactment) §28-35-45, which reads as follows:

"Review and modification of decrees.—At any time
after the date of the approval of any agreement or at
any time after the date of the entry of any decree con-
cerning compensation, and if compensation has ceased
thereunder, within ten (10) years thereafter, any agree-
ment, award, order, finding, or decree may be from time
to time reviewed by the workmen's compensation
commission, upon its own motion or upon a petition
of either party upon forms prescribed and furnished
by the commission, after due notice to the interested
parties, upon the ground that the incapacity of the in-
jured employee has diminished, ended, increased or re-
turned, or that the weekly compensation payments
have been based upon an erroneous average weekly
wage. Upon such review the workmen's compensation
commission may decrease, suspend, increase, commence
or recommence compensation payments in accordance

with the facts, or make such other order as the justice of the case may require. No such review shall affect such agreement, award, order, finding or decree as regards money already paid, except that an award increasing the compensation rate may be made effective from the date of the injury, and except that if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of injury, and any payments made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation, in such manner and by such methods as may be determined by the workmen's compensation commission. Relief on such review shall not be denied an employee or granted an employer or his insurer on the grounds that the employee is incapacitated by an injury or disease which is different from the one for which said employee was paid compensation if the injury or disease incapacitating the employee results from an injury or disease for which employee was paid compensation."

The decree of the full commission contains the following findings of fact, namely, (1) that the employer had paid to the employee weekly compensation benefits in excess of the actual amount due her since November 1968; (2) that the employee remained partially incapacitated for work by reason of the June 8, 1967 injury; and (3) that the employee had an earning capacity of $110 per week.

On the basis of the above findings the full commission made the following pertinent orders:

"1. Commencing forthwith and continuing until this order is modified or terminated in accordance with the provisions of the Workmen's Compensation Act, the petitioner-employer shall pay to the respondent-employee, compensation benefits for partial incapacity in accordance with the provisions of g.l. 1956, sec. 28-33-18, but not more than $1.08 per week; the employee shall furnish to the employer's insurance carrier, semi-monthly, a transcript of her actual weekly wages

in order that the benefits which may be due her, if any may be accurately computed.

"2. The employer shall take credit against future compensation benefits which may be due to the employee, until the amount which has been over-paid to her, by the employer shall have been repaid."

In support of her appeal the employee argues that since the powers of the Workmen's Compensation Commission are purely statutory and since the Workmen's Compensation Act does not expressly authorize the commission to give an employer credit in a situation such as the instant case, the commission exceeded its jurisdiction in giving the employer credit for the amount overpaid. We believe the employee's position is untenable. We agree that the powers of the Workmen's Compensation Commission and rights arising under the Workmen's Compensation Act are purely statutory. *Podborski* v. *William H. Haskell Manufacturing Co.,* 109 R. I. 1, 279 A.2d 914 (1971); *Woods* v. *Safeway System, Inc.,* 102 R.I. 493, 232 A.2d 121 (1967); *George A. Fuller Co.* v. *Ryan,* 69 R.I. 347, 33 A.2d 188 (1943). However, the employee overlooks the well-established principle that our act contemplates mutual cooperation between employers and employees to carry out the purposes of our Workmen's Compensation Act. *See General Road Trucking Corp.* v. *Pina,* 110 R. I. 7, 289 A.2d 425 (1972); *Walsh-Kaiser Co.* v. *D'Ambra,* 73 R.I. 37, 42, 53 A.2d 479, 481-82 (1947).

The cooperation contemplated by our act requires an employee who is receiving benefits for partial incapacity to notify his or her employer of all wages or other compensation earned, while employed by other employers, during the period of partial incapacity. This will insure carrying out the provisions of §28-33-18 and will enable the employer to compute the amount of compensation benefits due to an employee for partial incapacity under §28-33-18.

There is no merit to the employee's argument that the effect of awarding credit in the case at bar is to retroactively modify the decree being reviewed. The commission's decree granting such credit is not a retroactive modification of the November 25, 1968 decree; it orders no retroactive action and neither does it modify in any way the 1968 decree. The decree looks only to the future with respect to the credit and merely carries out the intent and purpose of the unappealed November 25, 1968 decree, namely, to pay to the employee benefits for partial incapacity on the basis of her actual earnings while that decree remained in effect, that is the precise difference between her actual earnings during that period and her average weekly wage. This is the amount the employee would have received but for her failure to notify her employer of her actual earnings.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

*Higgins, Cavanagh & Cooney, Harold E. Adams, Jr., John T. Walsh, Jr.,* for petitioner-appellee.

*Abedon, Michaelson, Stanzler & Biener, Richard A. Skolnik,* for respondent-appellant.