Mary J. MITCHELL

v.

DAVOL, INC.

86–32–M.P.

Supreme Court of Rhode Island.

Jan. 13, 1988.

Raul L. Lovett, Marc B. Gursky, Lovett, Schefrin & Gallogly, Ltd., Providence, for petitioner.

Gerard S. Lobosco, Gregory L. Boyer, Boyer, Reynolds & DeMarco, Providence, for respondent.

## OPINION

WEISBERGER, Justice.

This matter is before the court on an employer's petition for certiorari to review a decree of the Appellate Commission of the Worker's Compensation Commission declaring a suspension agreement and settlement receipt invalid. We affirm. The facts as found by the trial commissioner are in pertinent part as follows.

The employee, Mary J. Mitchell, while working for the employer, Davol, Inc., suffered a work-related incapacitating injury on September 12, 1978, which resulted in a date of incapacity of March 5, 1979. A preliminary agreement was entered into by the parties on March 6, 1979, providing for the payment of compensation for the duration of employee's total incapacity. The agreement was approved by the Department of Labor on May 2, 1979.

The suspension agreement at issue was dated October 2, 1979, and was approved by the Department of Labor on November 26, 1979. Under said suspension agreement, the parties agreed on October 2, 1979, that compensation would be suspended *in futuro* as of November 4, 1979, as a consequence of employee's (intended) return to work on November 5, 1979. The suspension agreement further stated that employee would return to work at the wage of $402.96 per week. The employee's payroll records revealed, however, that employee did not actually return to work until the week of December 9, 1979, and at the lesser wage of $274.34 per week.

The employee filed a petition to set aside the suspension agreement and receipt, alleging that the termination of benefits had been obtained by mutual mistake of fact pursuant to the provisions of G.L. 1956 (1968 Reenactment) § 28-35-5. The trial commissioner denied employee's petition, relying upon a finding that employee had not sustained her burden of proof on the above allegation. From this decree employee appealed to the Appellate Commission.

On review the Appellate Commission reversed the finding of the trial commissioner and granted employee's petition to set aside the suspension agreement and settlement receipt. The Appellate Commission regarded as fatal the fact that the agreement attempted to establish the rights of the parties *in futuro*. Moreover, the receipt was based upon "multiple mutual mistakes of fact" in that employee had not returned to work as of the date of the receipt, she did not return to work on the date alleged in the receipt, and when she eventually returned to work, she received a substantially lesser wage than that stated in the receipt.

After consideration of the record, we agree with the Appellate Commission that the suspension agreement must fail as an attempt to establish as a fact *in praesenti* the happening of a series of events in the future. Such attempts fail for the same reason as do anticipatory decrees in that neither are supported by the facts and are legally void. At the time of the execution of this agreement, suspension agreements and settlement receipts had been recognized for many years as a substitute for a decree of the commission that would have the effect of terminating compensation. *See Walker v. Kaiser Aluminum & Chemical Corp.*, 119 R.I. 581, 382 A.2d 173 (1978), and the numerous cases cited therein. Consequently a duly executed suspension agreement and settlement receipt was

equivalent to a decree of the commission.[1] *Carpenter v. Globe Indemnity Co.*, 65 R.I. 194, 204–05, 14 A.2d 235, 240 (1940). Therefore, the validity of such a suspension agreement must be measured by standards similar to those that would determine the validity of a decree.

Forty years ago this court determined in *Walsh-Kaiser Co. v. D'Ambra*, 73 R.I. 37, 53 A.2d 479 (1947), that a decree could not be based upon events which had not taken place at the time of its entry. In that case a justice of the Superior Court determined on October 30, 1946, that an injured employee would undertake two weeks of light work and exercise in order to prepare himself for full employment and that after two weeks of exercise and light work the employee would be fully recovered from the effects of his injury. As a result of this determination the trial justice decreed that as of November 15, 1946, the employer would no longer be required to pay compensation, and the terms of a preliminary agreement should terminate. In passing upon the validity of the decree, this court stated that the "trial justice could not properly reach into the future and determine the amount of compensation then to become due, or when it should cease to be due." *Id.* at 43, 53 A.2d at 482. This holding was promptly reaffirmed during the same term by *Walsh-Kaiser Co. v. Champness*, 73 R.I. 44, 53 A.2d 483 (1947). Thus it is well settled that a decree may not be based upon findings of fact that have not yet been established and depend upon events that are to occur in the future. In the case at bar, the suspension agreement and settlement receipt was similarly based upon assumptions and expectations as opposed to facts and events that had already occurred at the time of execution.

This case illustrates the very reason why *in futuro* settlement receipts are inherently unreliable. The employer here attempted to resolve the question of when the employee would again be physically capable of returning to work, relying upon mere expectation and conjecture. In reality, the suspension agreement was founded upon assumed facts which never occurred. In the words of the Appellate Commission, such an attempt is truly a "crystal ball session" having no basis in fact or law and as such may be given no force or effect.

Since the foregoing determination is dispositive of the instant petition, we need not reach the contention that the suspension agreement and receipt was procured by mutual mistake of fact.

For the reasons stated, the employer's petition for certiorari is denied and dismissed. The writ heretofore issued is hereby quashed. The decree appealed from is affirmed, and the papers in the case may be remanded to the Worker's Compensation Commission with our decision endorsed thereon.

---

**1.** We note that since the time of the execution of the suspension agreement and receipt involved in the instant case, G.L. 1956 (1968 Reenactment) § 28–35–3, which provided the legislative underpinning for such agreements, was repealed on September 1, 1982, by P.L. 1982, ch. 32. Prior to September 1, 1982, this court recognized with approval the use of suspension agreements and settlement receipts which were appropriately based upon fact, as vehicles for suspending compensation. *See Walker v. Kaiser Aluminum & Chemical Corp.*, 119 R.I. 581, 382 A.2d 173 (1978); *Carpenter v. Globe Indemnity Co.*, 65 R.I. 194, 14 A.2d 235 (1940). In so doing, this court relied upon the Legislature's acquiescence to the use of such agreements. However this legislative assent may have been affected by the repeal of § 28–35–3. We shall await a case in which the issue is squarely presented before deciding the question of whether suspension agreements and receipts executed subsequent to the repeal of § 28–35–3 will be given the same force and effect as a decree.