GEORGE A. FULLER COMPANY *et al. vs.* THOMAS J. RYAN *et al.*

JULY 16, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a petition filed under the workmen's compensation act by certain employers, who will hereinafter be referred to as the petitioner, to have determined

the amount of compensation payments and to whom they should be paid. From a decision by a justice of the superior court which was adverse to the respondents one of them duly appealed to this court.

The question raised in this proceeding is entirely one of law. The facts involved are undisputed and are as follows: Thomas J. Ryan, Jr. was an employee of the petitioner. The respondents are his father and mother. The father died after the petition was filed but prior to the hearing thereon in the superior court. On July 15, 1941 said employee, while working for the petitioner, sustained an injury to his left hand by an accident arising out of and in the course of his employment. This injury necessitated the amputation on that date of two phalanges of the middle finger and of one phalange of the index finger of that hand. The employee continued to work and was again examined on July 17 by the doctor who performed the amputations, satisfactory progress of the patient being reported. After July 21 the employee did not report for work. On July 26 he fell while on a street in Providence, striking his head on a curbing. He was taken to a hospital and there died July 28 of intercranial injuries.

The present petition was filed March 6, 1942 with the state department of labor. After a decision thereon by the director of labor both parties appealed to the superior court, the respondents' appeal being withdrawn later. After a hearing in the superior court a justice thereof found, among other things, that the employee was totally disabled from July 21 to July 28, 1941 as a result of the accident; that he died from causes other than and not induced by the injuries to his hand; that he left solely dependent upon him his mother, the respondent Catherine M. Ryan; and that his average weekly wages to the date of the injuries were in excess of $40 per week. Said justice held that the petitioner should pay the respondent the sum of $20 as general compensation for one week beginning July 21 and also $40 as specific compensation for the period from July 15 to

July 28, inclusive, for the loss of the phalanges of the fingers of his left hand.

The respondent contends that the decision of the trial justice was erroneous in that he allowed the above-mentioned specific compensation from the date of the injury up to July 28 only. She argues that she was entitled to receive the specific compensation for a period of forty-seven weeks from the date of the injury—public laws 1941, chapter 1056, sec. 12 (g) and (h)—even though the employee died within two weeks after the accident. The petitioner, however, takes the position that the finding of the trial justice on this point was correct. The parties agree that the instant appeal presents, in substance, the question of whether the payment of such specific compensation ceases upon the death of the employee, under the state of facts appearing in this case, or whether the right to receive such compensation became vested in the employee at the time of the injury so that such right survived his death and such compensation became payable to those entitled thereby.

The question thus raised must be determined by a construction of the statute involved since rights arising under the workmen's compensation act are purely statutory. In that statute, general laws 1938, chapter 300, several kinds of compensation are set out. Article II, § 6 deals with payments due from the employer if death results to the employee from the injury in question. We are not concerned with this section in the instant case since the death of the employee was due to causes other than and not induced by the injury to his hand. Sections 10 and 11 of the same chapter and article provide that while the incapacity for work of the injured employee is total or partial certain weekly compensation shall be due him from his employer. The amounts and the time such payments shall continue depend on certain facts and circumstances. It is not questioned. that the employee herein was allowed by the superior court proper compensation due him under the two sections last mentioned.

In § 12 of said chapter and article, as amended by P. L. 1941, chap. 1056, it is provided: "In case of the following specified injuries there shall be paid *in addition to and concurrently with* all other compensation provided for in this chapter a weekly payment . . . (g) For the loss by severance of one phalange of either index finger, for a period of 25 weeks . . . (h) . . . for the loss by severance of 2 phalanges of the second finger of either hand, for a period of 22 weeks . . . ." (italics ours) This is the section under which the employee was awarded the specific compensation in question up to the time of his death.

Section 15 of said chapter and article, after providing to whom compensation payable under that chapter in case of the death of an injured employee shall be paid, referring obviously to instances when the accidental injury has caused the death of the employee, then provides: "All payments of compensation under this chapter shall cease upon the death of the employee from a cause other than or not induced by the injury for which he is receiving compensation." The meaning of this sentence is, in our opinion, the material point in this appeal.

The petitioner argues that the sentence in question covers payments of compensation made under § 12 for specific injuries. The respondent, however, urges that such sentence applies only to general compensation allowed for incapacity for work, payable under § § 10 and 11. On this issue we must ascertain the legislative intent from the language used in its relation to the subject matter, having in mind that we are called upon, under the decisions of this court, to construe the act liberally to effectuate its purposes. After careful consideration we have come to the conclusion that we would not be justified in adopting the construction contended for by the respondent, but that the view advanced by the petitioner in respect to the proper meaning of said sentence is correct.

In our opinion the language employed therein is clear, unambiguous and comprehensive. We are thus required

to give it its ordinary and usual meaning. No necessary implications leading to a contrary result can properly be drawn therefrom. The term used is "*All* payments of compensation under this chapter . . . ." (italics ours) Payments for specific injuries, regardless of the reasons which may have prompted the granting thereof, nevertheless constitute one kind of compensation provided for in the chapter in question. In § 12, as amended by P. L. 1941, chap. 1056, it is stated that payments for certain specified injuries are to be paid in addition to and concurrently with all other compensation provided for in said chap. 300. And in § 4 of art. II payments under § 12 are referred to as compensation.

It is true, as the respondent points out, that by § 12, as amended, the amount of the weekly payments for the specific compensation provided for therein and the length of time they are to continue are definitely fixed. We find no irreconcilable difference, however, between the provisions of that section and those of § 15. In view of the express language contained in the latter section, which is nowhere else limited in any way, the conclusion seems to us unavoidable that the payments of specific compensation called for under § 12, as amended, are to be made to the injured employee only and do not survive his death, if that is caused by any injury other than the one for which he is receiving compensation. Such a construction gives effect to both sections. We find nothing in the language used in § 15, or elsewhere in the act, to show any intent on the part of the legislature to distinguish between the kinds of compensation so as to give such language the construction and meaning urged upon us by the respondent. We decide, therefore, that under the above express provision set out in § 15 the specific compensation called for under the act by reason of the above-described injury to the employee's hand ceased with his death on July 28, 1941 from a cause other than or not induced by such injury, and that the respond-

ent is not entitled to receive thereafter any payments of such specific compensation.

Each party has cited to us several cases from other jurisdictions which give support to their respective positions in this cause. We have considered these cases and, in our opinion, they are distinguishable from the case at bar. Upon examination it appears that the courts in question have decided them on the basis of some controlling provision in the workmen's compensation act of their own state and not present in our act, or, in the absence of such a provision, have decided them on the basis of what they found to be the legislative object and purpose in providing for payment of compensation in the case of certain specific injuries.

Depending, therefore, on the ground relied on, those courts have held either that the specific compensation vested in the injured employee at the time of the accident, survived his death from some other cause, and became payable to his dependent or representative; or that specific compensation ceased when he died from a cause not connected with the accident. However, we do not find that any of these cases allowed payment of specific compensation to continue, notwithstanding the employee's death from another cause, where the act being there construed contained a definite and express provision regarding the time when such payments of compensation should cease, as appears in § 15 of our own act.

The respondent, in support of her contention that when specific compensation is involved, in a case where the injured employee has died, the rights in respect to such compensation vest at the time of the injury and cannot be divested, cites *Newton* v. *Rhode Island Co.*, 42 R. I. 58 and *Gallagher* v. *United Electric Rys. Co.*, 47 R. I. 458. In our opinion, the holding in neither of those cases is as broad as the respondent argues, and they are distinguishable from and do not control this case. In each of them compensation was payable under § 6 by reason of the employee's

death from an accidental injury suffered in the course of his employment. By the act such compensation is made a benefit due to his dependents and not to the employee. Those cases thus differ materially from the instant case in which specific compensation was originally due an employee who later died from a cause other than and not induced by such an injury. The above cases, therefore, were not affected by the provision in § 15 regarding the cessation of compensation.

In the *Newton* case the court held, in substance, that when the accidental injury caused the death of the employee, the fact of dependency was to be determined as of the date of such injury and, as found, remained fixed regardless of any later change in the financial condition of the dependent. In the *Gallagher* case the court, having determined the issue of dependency in a case in which the employee died from an accidental injury, merely followed the provisions of the act in allowing the entire compensation to be paid to his one surviving minor child after the deaths of his dependent wife and of another minor child. No direct holding as to the vesting of such compensation was made in either case. It may be noted that in *Duffney* v. *Morse Lumber Co.,* 42 R. I. 260, this court held that where an employee has died from accidental injuries the right of his mother to receive compensation as a partial dependent is not vested and does not pass to her administrator, but ceases with her death.

In view of our construction of the material portion of § 15, which in our opinion is controlling herein, we find that the decision of the trial justice was without error.

The appeal of the respondent is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr., Donald A. Kingsley,* for petitioners.

*Eugene J. Sullivan, Jr.,* for respondent.