HERBERT W. COONE *vs.* EDNAH COONE.

JUNE 30, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.  This is a petition for divorce brought by a husband, who claims the requisite domicile and residence in this state, against his nonresident wife, who is domiciled in New York.  The parties were married in Texas and as husband and wife never established a home in this state.  Respondent appeared and filed a motion in the nature of a cross petition.

The case was heard by a justice of the superior court who denied and dismissed each petition on the merits.  In his decision he also expressly denied a motion by respondent to dismiss the proceedings on the ground of lack of jurisdiction as disclosed by the petitioner's evidence of his nonresidence in this state for two years next before filing his petition.  The trial justice found that by virtue of public laws 1946, chapter 1682, amending general laws 1938, chap. 416, §10, petitioner, on the evidence presented, was qualified

to maintain his petition. The case is here on each party's bill of exceptions.

In this court the respondent did not brief or argue the question of jurisdiction until we called it to her attention. She had apparently abandoned it in the belief that the trial justice's decision thereon was a finding of fact which she could not show was clearly wrong. If that were so we would not on our own motion examine the question. However, as we read the trial justice's decision on this point it appears ultimately to rest on a construction of chap. 1682. He says in his decision: "The language of the amendment is broad enough to cover the case of the petitioner, and the Court finds, therefore, that the petitioner was a domiciled inhabitant of the State and had resided therein for more than two years next before the preferring of his petition." Indeed, the evidence of petitioner's actual residence for the two years next before he filed his petition was undisputed. It was outside the state of Rhode Island. The question the trial justice had to decide was whether the language of chap. 1682 overcame such evidence of a lack of actual residence in this state.

We concluded that since the question of jurisdiction had been raised in the superior court and decided upon that ground it ought to be fully briefed here and we accordingly directed the parties to file further briefs on that point. Those briefs have been filed and this question has been fully examined from adversary points of view. Upon consideration thereof we are of the opinion that the superior court was without jurisdiction to entertain these proceedings. We need not consider the other points which were originally briefed and argued.

The reasons for the above conclusion are to be found in the language of chap. 416, §10, as it has been construed by this court in *Doerner* v. *Doerner,* 46 R. I. 41, which followed *McCarthy* v. *McCarthy,* 45 R. I. 367, and which was reaffirmed in *Flora* v. *Flora,* 66 R. I. 70. Those decisions established the law in this state that a petitioner for

divorce from one who is not a domiciled inhabitant and actual resident of this state must, in order to maintain his petition, show (1) that he has a legal domicile here; and (2) that he has continuously resided and had his habitancy here for two years next before the filing of his petition. And the *Doerner* case made it unmistakable that the required residence was "an actual residence and presence in the state for the required period." In that case the petition was denied and dismissed for want of jurisdiction because the petitioner, although having her legal domicile here, could not also show actual residence in the state for two years next before she filed her petition. The petitioner in the *Flora* case was in the same predicament.

Petitioner in the case at bar concedes that the statute was so construed in those cases but he nevertheless argues with emphasis that the true meaning of chap. 416, §10, "is simply that the petitioner must have been a domiciled inhabitant of this state for two years preceding the preferring of the petition," that is, that he must have "a domiciliary residence as contrasted with a non-domiciliary residence," as is shown, he says, from the growth of the statute. After analyzing the statute and its amendments he stresses the fact that neither the word "actual" nor the word "presence" appears therein. He then seeks to show that although those words appear in the opinion in the *Doerner* case they should not, therefore, be understood as requiring actual residence and presence in the state. Such argument is unconvincing. It would distort the plain language of that opinion and delete from it the decisive emphasis which this court therein placed upon the word "residence" in construing the statute.

We must now take the statute to mean what this court, in the *Doerner* case, said it meant. This has been its settled meaning since that case was decided in 1924. During that long period the legislature has met annually without altering the clear and explicit construction of §10 which had been made by this court. In such circumstances it is fair to say that the court's construction has received the

implied approval of the legislature. We are not disposed to disturb a construction which has been so long acquiesced in by the legislature, as well as affirmed by a comparatively recent decision of this court, *Flora* v. *Flora, supra,* on the ground, as we understand the petitioner's contention, that it goes beyond the legislative intent.

A final contention of the petitioner in support of the trial justice's construction of P. L. 1946, chap. 1682, remains to be considered. That chapter amended chap. 416, §10, by adding thereto a proviso which petitioner argues was intended to meet the very situation in which he finds himself in the instant case. The pertinent portion of that proviso upon which he relies reads as follows: *"provided, however,* the residence and domicile of any person immediately prior to the commencement of his active service as a member of the armed forces * * * shall, for the purposes of this section, continue to be his residence and domicile during the time of such service and for a period of 30 days thereafter."

That proviso, in our opinion, was not intended to enable one, who immediately prior to the commencement of his active service lacked the actual residence in this state required by §10, to acquire it during such service. Apparently the trial justice construed the proviso as though it authorized counting the time spent in the service as equivalent to actual residence within the state. That was error. The proviso was designed to serve a more limited purpose. What its precise limits are need not be decided on the facts in the instant case. All that is necessary to be determined is that it does not help the petitioner here because at the time he commenced his active service he did not have his actual residence in this state, and he has not since established such a residence here.

According to his own testimony he was not an actual resident of this state for two years prior to the commencement of his service in the army on October 12, 1940. When he filed his petition for divorce on March 21, 1947 he was

still actively serving in the army outside this state. Since his graduation from Harvard Medical School in 1938 he actually resided in a hospital in Pennsylvania, where he served his internship, and in Massachusetts, in which state he pursued postgraduate work after the completion of his internship. During that period he made brief visits to his mother in Providence and after he had completed his internship he did not apply for a license to practice medicine in this state. For a few weeks prior to entering the army he lived with his mother in Providence while waiting to be assigned to active duty. In the face of those facts he could only meet the requirements of actual residence in §10 by counting his years of service in the army as equivalent to actual residence in this state. In our opinion the proviso does not authorize him to do this. Hence respondent's motion to dismiss his petition for want of jurisdiction should have been granted.

The respondent's exception to the trial justice's decision denying her motion is sustained, the decision is reversed, and the case is remitted to the superior court with direction to deny and dismiss the petition and the cross petition for want of jurisdiction.

*W. Louis Frost,* for petitioner.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr., Thomas J. Hogan,* for respondent.

