### MARTIN'S FURNITURE COMPANY *vs.* ARMANDO PERRY.

#### FEBRUARY 8, 1952.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a petition brought by an employer to review a preliminary agreement under the workmen's compensation act, general laws 1938, chapter 300. It is before this court on the petitioner's appeal from a decree entered in the superior court declining to hear the merits of an appeal from the decision of the director of labor on such petition and granting the respondent's motion to adjudge the employer in contempt for failing to make weekly compensation payments pending the appeal.

It appears that respondent, hereinafter termed the employee, was injured on November 29, 1949 in the course of his employment by petitioner, herein referred to as the employer, by falling down an elevator shaft and sustaining a basal fracture of his skull. He was hospitalized for several weeks. A preliminary agreement was executed by the

parties December 3, 1949 providing for compensation of $15 per week from the date of his injury for the duration of total incapacity.

On July 7, 1950 the employer filed in the department of labor its petition for review and for suspension of compensation payments on the ground that the employee's incapacity had ended. Accompanying the petition was a certificate of a physician that the employee was able to work. Under the provisions of public laws 1949, chap. 2274, the department forthwith ordered an impartial medical examination of the employee and the report thereof agreed generally with the physician's certificate attached to the employer's petition. Following such examination and report notices required by chapter 2274 were sent by the department of labor on July 28, 1950 to the employer and the employee which contained the following language: "Attached is a copy of Dr. Greason's report of his impartial examination of Armando Perry, together with his bill in the amount of $25. In view of the findings in attached report, you are hereby granted permission to suspend payments of compensation pending a full hearing of the case on its merits, after which a decision will be rendered."

On October 2, 1950 a hearing was held in the department of labor on the employer's petition to review the preliminary agreement and on October 6, 1950 a decision was rendered finding the employee to be only partially disabled. Compensation therefor was ordered to be paid to him at the rate of $2.70 per week beginning July 29, 1950 and suspension of payments for total incapacity as of July 28, 1950 was confirmed. From that decision the respondent employee appealed to the superior court where he also filed a motion to adjudge the employer in contempt for failure to make full compensation payments of $15 per week on and after October 6, 1950 pending the appeal.

At the hearing in that court the evidence showed that since his accident the only labor performed by the employee

consisted of light work for six days in a poolroom, and that he had been paid compensation for total incapacity according to the preliminary agreement to July 28, 1950 but had received no compensation of any kind since that date. The superior court, following generally the position taken by the employee, thereupon entered the decree now before us in which it declined to hear the appeal on its merits and granted the employee's motion to adjudge the employer in contempt.

That decree is attacked by the employer as being against the law. It contends that the decree finding it guilty of contempt for failure to make compensation payments after October 6, 1950 and refusing to pass on the merits of its petition to review is erroneous in that such decree did not give proper effect to the order entered under chapter 2274 by the department of labor suspending such payments. The employer argues that under a correct construction of such statute the suspension order of the director of labor remains in full force and effect until the case is finally disposed of whether in the department of labor, the superior court, or this court, and therefore that its failure to make compensation payments after July 28, 1950 did not constitute contempt of the provisions of the preliminary agreement. It also urges that any construction of the statute which limits the effect of the suspension order only to the period while the petition for review is pending in the department of labor nullifies to a great extent the purpose of that provision in the act, improperly encourages the taking of appeals by an employee merely to keep alive payments of compensation, and if the case is finally decided in its favor causes an injustice since payments of compensation already made by it cannot from a practical point of view be recovered.

On the other hand the employee maintains that under said statute such suspension order remains in effect only until the petition to review is heard and decided in the department of labor, and that an appeal to the superior

court from such decision operates as any other appeal to terminate the temporary order previously made in that department permitting suspension of payments of compensation under the preliminary agreement. The employee contends that if he is incapacitated and such payments are withheld from him pending final determination of his petition, which may well consume an appreciable time, he will suffer hardship during such period even though he may ultimately receive a decision in his favor; and that. compensation payments are intended to prevent his becoming a public charge while he is incapacitated and to take the place, at least in part, of the wages that normally provide for his support.

The question presented to us for determination is whether the order of the director of labor under P. L. 1949, chap. 2274, permitting the employer to suspend compensation payments continues to operate after a subsequent hearing and decision by the director of labor on the merits of the petition for review and an appeal therefrom to the superior court by the employee. The answer to that question depends upon the legislative intent as expressed in said chapter. The pertinent portions of that statute read as follows:

"Sec. 13. * * * Where the petition for review alleges that the employee is earning an average weekly wage equal to or in excess of that which he was earning at the time of his injury, and such petition is accompanied by a signed wage transcript signed by the treasurer of the employer, or his equivalent, setting forth the number of hours worked, the rate of pay and the wages earned during the period relied upon corroborating the allegation, the employer or carrier may suspend disability compensation payments from the date of the filing of such supported petition pending hearing as hereinafter provided, or where such petition alleges that the employee has not returned to work, although able to do so and such petition is supported by an original signed report of a recent medical examination

of the employee, the director of labor or the chief of the workmen's compensation division shall thereupon appoint an impartial medical examiner to examine the injured employee, and, if such examiner's report shall support the contention of the employer, a notice from the director of labor shall be sent to the employer and employee, together with copy of the report of the impartial examiner, permitting the employer to suspend compensation payments from the date of such notice. * * * Following the hearing upon any such petition the director of labor shall make any order with reference to compensation which the justice of the case may require."

Heretofore this court has stated that the workmen's compensation act is in its nature humanitarian legislation, *DeLallo* v. *Queen Dyeing Co.*, 73 R. I. 325, and it has also held that such act should be liberally construed to effectuate its purposes. *George A. Fuller Co.* v. *Ryan*, 69 R. I. 347, 350. Having in mind those general principles and after consideration of the express language used in the pertinent parts of chapter 2274 above quoted, we are constrained to hold that any suspension of payments of compensation permitted by the department of labor under the provisions of that chapter were intended to be temporary and to operate only during the period that the petition for review was pending before the department of labor, and that such suspension was not intended to remain effective thereafter if an appeal to the superior court was taken from the decision of the director of labor on the petition to review.

Considering the act as a whole we do not deem it proper to adopt by way of judicial legislation the broad and comprehensive construction urged by the employer, namely, that the suspension once made *ex parte* under the statute by the director of labor was intended to continue until the final determination of the case on appeal by this court. In the statute such suspension is limited to the words "pending hearing as hereinafter provided." Nowhere is this limitation related expressly or by implication to either a hearing

on the petition for review in the superior court or a final determination of an appeal by this court. On the contrary the context in several places makes it expressly clear that the hearing on the petition then being considered was the hearing on the petition for review which was pending before the director of labor.

Plainly from the language used the suspension of compensation payments was intended to operate only up to the time of the decision on the petition for review by the director of labor. It is true that by a mere appeal from such a decision the benefits of the suspension apparently given in the first part of the statute, can be greatly restricted and almost nullified. However, that is the result of the express limiting language used in the statute. If it was intended, for example, to permit a suspension of payments to continue until the hearing on such petition in the superior court, thus exempting the case from the ordinary effects of an appeal from the decision of the director of labor, then the language used does not accomplish that end and the legislature can and should make it expressly clear. Confining our consideration to the construction of the statute as it is presently written, it is our conclusion that the decision of the trial justice was without error.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*William A. Gunning,* for petitioner.
*Isidore Kirshenbaum,* for respondent.