TONY BAHRY *vs.* CITY FABRICS, INC.

JUNE 19, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J.   This is an original petition under the workmen's compensation act, general laws 1938, chapter 300, in which the petitioner employee seeks compensation for partial incapacity.   The cause is before this court on his appeal from a decree of the superior court denying and dismissing the petition.

The facts are undisputed.   Briefly stated they are as follows.   The petitioner was employed by respondent as a silk weaver.   On January 8, 1951, in turning from one loom to another in the course of his employment, he struck the side of his head below the left eyebrow against an iron post, sustaining a cut in that region which was dressed and bandaged by his "boss," after which he resumed his work. Although he testified that he could not see out of that eye immediately and for some time after the accident, he did not go to a doctor before February 21, and he continued

to work at his regular employment until February 26, 1951. Thereafter at respondent's request he was examined by a number of doctors, who specialized in diseases of the eyes, either at their respective offices or at certain hospitals. The rest of his testimony was to the effect that he never had any trouble with his eyes before the accident; that only the sight of his left eye was impaired as a result of his mishap; and that at the time of the hearing in the superior court in February 1952 the condition of the eye had improved to the extent that he was able to work "but not weaving." The petitioner rested his case without introducing any medical testimony with reference to any causal relation between his injury and the impaired vision of his left eye.

In defense respondent called as witnesses Dr. Lee G. Sannella, petitioner's own physician, Dr. Joseph L. Dowling and Dr. Hugo B. C. Riemer, all three specialists in diseases of the eye. Doctor Sannella, who examined petitioner on February 21, testified that the "scattered hemorrhages in the retina which prevented him from having any sight beyond the ability to count fingers * * * is not the usual finding in a blow to the eye." In cross-examination he expressed the belief, though not as a positive opinion, that the condition he found might be attributable to some blood disease, such as pernicious anemia or leukemia.

Doctor Dowling examined petitioner on March 13, 1951. The important part of his testimony is as follows: "There was no evidence of trauma damage to the eye and the retinal hemorrhages were not the kind we see in retinal injury. My opinion was that the retinal hemorrhages were due to a disease of the blood or the blood vessels (due to physical changes). Trauma can and does cause retinal damage and hemorrhages but the picture of the retinal hemorrhages as seen in this case, through the ophthalmoscope, is not a case of injury but of personal physical or vascular disease. I do not believe that the slight abrasion of the left temple on January 8, 1951 has anything to do with the loss of vision in the left eye."

At the suggestion of Dr. Dowling petitioner was examined in Boston on March 23, 1951 by Dr. Hugo B. C. Riemer, consulting eye surgeon of the Massachusetts Eye & Ear Infirmary. Notwithstanding an extended and rigid cross-examination Dr. Riemer's opinion was that there was no causal relation between petitioner's accident and his loss of vision. He stated: "This condition was caused by a diseased condition of the blood vessels, endo-phlebitis of the central retinal vein, partially blocking certain branches of the vein, thus resulting in hemorrhage."

Upon consideration of such a record the trial justice found that the condition of petitioner's left eye was not due to or aggravated by trauma, and that there was no causal connection between the accident and such injury. In an ingenious but unconvincing argument petitioner attempts to erase from the record all medical evidence in the case by claiming, among other things, that both the trial justice and Dr. Riemer in particular had misconceived the testimony relating to the time when petitioner first realized his loss of vision, and further, as stated and emphasized in his brief, that *"No blood tests* were made by any of the doctors to determine if it [loss of vision] was a case of disease." On such a basis he concludes that all the medical evidence introduced by the respondent was not legal evidence but pure speculation, thus leaving petitioner's undisputed testimony open to the inference that the accident was the cause of injury, as in *Valente* v. *Bourne Mills,* 77 R. I. 274.

The instant case is clearly distinguishable in its facts from the *Valente* case where neither party introduced any medical evidence, the respondent there relying entirely on the undisputed testimony of the petitioner who was the only person to testify. The argument urged upon us in the circumstances of record here in effect shifts the burden of proof as to causal connection between accident and injury, which was the determinative issue in the case, from petitioner to respondent.

414

We have consistently held that in proceedings under the workmen's compensation act the burden of proof is upon the one asserting the affirmative of a contested issue. *Leonardo* v. *Uncas Mfg. Co.*, 77 R. I. 245; *Wareham* v. *United States, Rubber Co.*, 73 R. I. 207. In the instant case whatever inference as to causal connection favorable to petitioner might have been drawn from his undisputed testimony in the absence of any medical evidence from either party, as in *Valente* v. *Bourne Mills, supra*, such inference was at least negatived by the testimony of the doctors who appeared as witnesses for respondent. The petitioner's criticism of such testimony goes to its weight and not to its character as legal evidence. It is well settled that we are not here concerned with the weight thereof but only with the question whether there is any legal evidence to support the findings of the trial justice. In the circumstances disclosed by the record there is such evidence and therefore the findings are conclusive under the statute.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Aram A. Arabian*, for petitioner.

*Swan, Keeney & Smith, John B. Dillon, Eugene J. Phillips*, for respondent.