279 A.2d 914.

EDWARD F. PODBORSKI *vs.* WILLIAM H. HASKELL
MANUFACTURING COMPANY.

JULY 26, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

2

PAOLINO, J. This is an employee's original petition for benefits under the Workmen's Compensation Act. The case is before this court on the employee's appeal from the decree of the full commission which affirmed the decree of the trial commissioner.

After a hearing on the employee's petition the trial commissioner made the following findings of fact: (1) in September 1969, petitioner sustained compensable injuries while in the employ of respondent, (2) on account of such injuries petitioner was totally disabled from March 19, 1970 through September 8, 1970, (3) beginning September 9, 1970, petitioner was only partially incapacitated and was able to do many forms of suitable work, such as jewelry bench hand for an eight-hour day, forty-hour week and to earn the sum of not less than $64 (minimum wage law), (4) respondent had knowledge of such injuries, and (5) petitioner's average weekly wage before the injuries involved in this case was $90.32.

On the basis of such findings the trial commissioner awarded petitioner benefits for total incapacity of $60.22 per week from March 19, 1970 through September 8, 1970, and for partial incapacity from September 9, 1970 at the rate of 60 per cent of the difference between his average weekly wage of $90.32 and $64 or $15.79, with the proviso

that if petitioner obtained gainful employment,[1] he should notify respondent's insurance carrier immediately. He also awarded petitioner other benefits under the Act, including a fee for legal services performed by his counsel before the trial commissioner. A decree[2] incorporating the trial commissioner's findings and orders was subsequently entered. Both parties appealed to the full commission.

In its decision the full commission admitted that §28-33-18, as amended by P. L. 1969, ch. 146, does not contain "provisions specifically allowing the commission to establish a partial earning capacity of the employee." However, after discussing the decision of this court in *Saccoccio* v. *Kaiser Aluminum & Chemical Corp.*, 107 R. I. 53, 264 A.2d 905[3] and *Wareham* v. *United States Rubber Co.*, 73 R. I. 207, 54 A.2d 372, the commission held it had "the inherent right" to establish an earning capacity for a partially incapacitated employee. The full commission affirmed the decree of the trial commissioner and, since petitioner was successful in defending respondent's appeal, it ordered respondent to pay to petitioner a fee for legal services performed by his counsel before it. A decree incorporating the decision of the full commission was then entered. The case is before us solely on petitioner's appeal from such decree.

The petitioner contends here, as he did before the commission, that after September 1, 1969, the Workmen's Compensation Commission had no power to establish an earn-

---

[1]The petitioner testified on August 31, 1970, that he had not worked from March 17, 1970, to the time of his testimony, and respondent did not prove anything to the contrary.

[2]In this decree the trial commissioner indicates that he is ordering the payments for partial incapacity in accordance with the provisions of G. L. 1956, §28-33-18, as amended by P. L. 1969, ch. 146, which became effective September 1, 1969.

[3]It is apparent that the trial commissioner arrived at the figure $64 because of the language at note 8 in *Saccoccio, supra*.

ing capacity for a partially incapacitated employee because that power, which had been written into G. L. 1956, §28-33-18 since 1950, had been deleted therefrom by the enactment of P. L. 1969, ch. 146. We agree with petitioner's position and, therefore, reverse the decree of the full commission with respect to this issue.

The parties agree that the resolution of the question raised by this appeal depends solely upon the meaning of §28-33-18, as amended by P. L. 1969, ch. 146, which became effective on September 1, 1969. In order to understand the significance of such amendment it may be helpful, as the parties themselves indicate in their respective briefs, to review briefly the history of the section of the Act dealing with weekly compensation for partial incapacity.

At the time of the enactment of the Workmen's Compensation Act in 1912 (P. L. 1912, ch. 831), the section providing for partial incapacity was art. II, sec. 11, which read as follows:

> "While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to one-half the difference between his average weekly wages, earnings, or salary, before the injury and the average weekly wages, earnings or salary which he is able to earn thereafter, but not more than ten dollars a week; and in no case shall the period covered by such compensation be greater than three hundred weeks from the date of the injury."

Except for changes in the rate paid for partial incapacity and the duration of benefits, sec. 11 remained the same until June 1, 1950 (P. L. 1950, ch. 2628), when art. II, sec. 11, was amended by changing "which he is able to earn thereafter" in the first sentence, to "which he earns thereafter" and also by adding a proviso, to which we have referred

at times as "the first proviso," the pertinent part of which reads as follows:

"* * * *provided, however,* if, after his injury, the employee is unable to obtain any work to determine his earning capacity or prove the amount of his loss of earning capacity with reasonable definiteness, then the director of labor * * * [amended by P. L. 1954, ch. 3297, art. II, sec. 11, to read Workmen's Compensation Commission] shall have the power in the interest of justice to fix the dollar value of the weekly earning capacity which said employee has * * *."

The 1956 General Laws redesignated the entire section on partial incapacity as §28-33-18, but the first proviso quoted above remained substantially unchanged from 1950 to 1969. On September 1, 1969, P. L. 1969, ch. 146, became effective. This chapter was part of a very broad revamping of the Workmen's Compensation Act, which became effective on September 1, 1969. Public Laws 1969, ch. 146, deleted from §28-33-18 the first proviso. It also deleted the second proviso which provided for the payment of maximum compensation when a partially incapacitated employee made a bona fide attempt without success to find suitable work, see *Davol Rubber Co.* v. *Lafoe,* 108 R. I. 499, 277 A.2d 128; and it changed the rate paid for partial and the limits on partial. Section 28-33-18, as amended by P. L. 1969, ch. 146, now reads as follows:

"Weekly compensation for partial incapacity. — While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages, earnings or salary before the injury and the weekly wages, earnings or salary which he earns thereafter, but not more than the maximum weekly compensation rate for total incapacity as set forth in §28-33-17. In the event partial compensation is paid, in no case shall the amount of such compensation be

more than thirty-two thousand five hundred dollars ($32,500) and where total disability and partial disability are paid for the same injury, the total amount in combined benefits shall not exceed thirty-two thousand five hundred dollars ($32,500)."

In sustaining the decree of the trial commissioner, the full commission in its decision indicated that it relied on *Saccoccio* and *Wareham,* both *supra.* *Saccoccio* is not in point, since it involved the applicability of §28-33-18, as it existed immediately prior to the 1969 amendment (P. L. 1968, ch. 92), which at that time, expressly allowed the commission to fix an earning capacity.

As we read its decision, the commission was relying on *Wareham* v. *United States Rubber Co., supra,* which was decided in 1947 and involved an injury occurring in 1946. In *Wareham* the employee sustained a work-connected injury as a result of which he was totally incapacitated for a time, but at the hearing on the employee's petition for compensation in the Superior Court (where such petitions were then heard), the trial justice found that the employee was only partially incapacitated at the time of the hearing. He awarded the employee compensation for total disability during the period of his total incapacity for work and maximum partial incapacity payments thereafter. The trial justice indicated that he was making such an award " ' * * * on the basis of partial incapacity, such amount to be diminished so far as may be by the amounts earned, in accordance with the provisions of the Workmen's Compensation Act * * *.' "

One of the grounds of the employer's appeal in *Wareham* was that the trial justice erred in awarding compensation benefits "on the basis of partial incapacity." The partial

compensation statute then in force, P. L. 1942, ch. 1246,[4] did not expressly empower the Superior Court to establish the earning capacity of a partially incapacitated employee. This court said in *Wareham, supra* at 212, 54 A.2d at 374:

"From a practical viewpoint it was correct, therefore, for the trial justice to find that petitioner was only partially disabled, because 'he is now capable of doing light work.' "

After considering certain practical difficulties present in that case, this court remitted the case to the Superior Court to enable petitioner to establish the extent of his diminished earning capacity in accordance with *Dorfman v. Rosenthal Ackerman Millinery Co.,* 64 R. I. 498, 13 A.2d 268.

After the decision in *Wareham,* the section providing for weekly compensation for partial incapacity was amended several times[5] and in each instance authority to establish an earning capacity for partially incapacitated employees was provided therein. Indeed, we believe, as the petitioner points out in his brief, that P. L. 1954, ch. 3297, art. II, sec. 11 and P. L. 1956, ch. 3784, sec. 1, are, in essence a codification of the Wareham decision.

In the case at bar the commission held, and respondent now argues, that by eliminating the language in §28-33-18, which empowered the commission to establish earning capacity, the statute is substantially similar to the act as it

---

[4]Public Laws 1942, ch. 1246, sec. 11, reads as follows:

"While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to 60% of the difference between his average weekly wages, earnings, or salary, before the injury and the average weekly wages, earnings or salary which he is able to earn thereafter but not more than $18.00 a week; and in no case shall the period covered by such compensation be greater than 800 weeks from the date of the injury."

[5]Public Laws 1950, ch. 2628, sec. 1; P. L. 1954, ch. 3297, art. II, sec. 11; P. L. 1956, ch. 3784, sec. 1.

existed when *Wareham* was decided, and, therefore, we should return to *Wareham* and interpret P. L. 1969, ch. 146 accordingly. We do not agree.

If the Legislature desired such a result why did it eliminate the very language which empowered the commission to establish an earning capacity for a partially disabled employee. We agree with the rule stated in *Coone* v. *Coone*, 74 R. I. 232, 59 A.2d 850, that the Legislature is presumed to be familiar with the construction given by this court to a statute it has enacted, but this rule is of no help to respondent here in view of the plain language of P. L. 1969, ch. 146. While we acknowledge the force of respondent's argument with respect to *Wareham* we are convinced that if the Legislature intended to authorize the commission to establish earning capacity, as argued by respondent, it could have easily expressed such an intention by the use of appropriate language or, at least, could have used the phrase "which he is able to earn thereafter" which was the language of the section in effect when *Wareham* was decided. Having failed to do so, we must apply the act as it reads, no more and no less.

In construing a statute, words used are to be given their plain meaning unless a contrary intention clearly appears and, except in the case of equivocal and ambiguous language, the words of a statute cannot be interpreted or extended but must be applied literally. *United Transit Company* v. *Hawksley*, 86 R. I. 53, 61, 133 A.2d 132, 136. The Legislature's meaning and intention must first be sought in the language of the statute itself, and if the language is plain and unambiguous, and expresses a single definite and sensible meaning, that meaning is conclusively presumed to be the Legislature's intended meaning and the statute must be interpreted literally. *Cataldo* v. *Pono*, 89 R. I. 240, 152 A.2d 98.

The language of P. L. 1969, ch. 146, is plain, explicit and

free from ambiguity. It says in very simple language that:

> "While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages, earnings or salary before the injury and the weekly wages, earnings or salary *which he earns thereafter,* but not more than the maximum weekly compensation rate for total incapacity as set forth in §28-33-17." (Emphasis supplied.)

As we previously stated, prior to the enactment of P. L. 1969, ch. 146, the commission had express statutory power to establish earning capacity in the case of a partially incapacitated employee. In enacting P. L. 1969, ch. 146, the Legislature expressly deleted from the statute the power formerly given to the commission. We cannot presume that such deletion was an idle or futile gesture by the Legislature. *Compare Carlson* v. *McLyman,* 77 R. I. 177, 74 A.2d 853.

It is clear that in enacting P. L. 1969, ch. 146, the Legislature intended that a partially disabled employee who has not returned to gainful employment as the result of work-connected injuries, receive the same amount as is payable for total incapacity. This result neither contradicts nor defeats any evident legislative purpose; nor does it lead to an absurd or nonsensible result. *Compare Cabral* v. *Hall,* 102 R. I. 320, 230 A.2d 250. The section as it now reads is consistent with the philosophy of workmen's compensation legislation to provide an injured employee with the basic necessities during his period of work-connected incapacity which prevents him from earning wages. It is apparent that the Legislature recognized that when an injured employee is incapacitated, either totally or partially, and has not returned to gainful employment because of work-connected injuries, his basic needs are the same

and it, therefore, provided for compensation benefits accordingly. Since rights arising under the Workmen's Compensation Act are purely statutory, *George A. Fuller Company v. Ryan,* 69 R. I. 347, 33 A.2d 188, we find no merit in the commission's claim that it has "the inherent right" to establish earning capacity. Nothing we say herein limits the employer's right to file a petition for review under §28-35-45, or as may otherwise be provided for in the Act.

We recognize that the enactment of P. L. 1969, ch. 146, was part of a broad overhaul of our Act. However, this appeal presents only the question of the meaning and significance of the amendment of §28-33-18 by the enactment of ch. 146. We have carefully considered all of respondent's arguments in support of the commission's decree, but we are not convinced by them.

On the view we take petitioner is entitled to payment of partial compensation benefits, during the period of partial incapacity, in an amount equal to 60 per cent of his average weekly wage at the time of the injury but not more than the maximum weekly compensation rate for total incapacity as set forth in §28-33-17, as in effect at the time of petitioner's injury in September 1969.

The petitioner's appeal is sustained, the decree appealed from is reversed in part, and the parties may present for our approval a decree modified in accordance with this opinion, for entry by the Workmen's Compensation Commission. The employee, having prevailed here, is entitled to a fair and reasonable counsel fee under the provisions of §28-35-32. Upon the presentation of a motion for the award of such fee and a certificate showing compliance with the requirements of our "Provisional Order No. 5," costs for such counsel fee shall be fixed by this court after a hearing on the question of the fairness and reasonableness of such fee. The cause will then be remanded to the

Workmen's Compensation Commission for further proceedings.

*Abedon, Stanzler, Michaelson & Biener, Richard Skolnik,* for petitioner.

*Keenan, Rice, Dolan & Reardon, H. Eliot Rice,* for respondent.