308 A.2d 498.

ANDREW ACCIOLI, JR. *vs.* JOSAL CONSTRUCTION COMPANY.
AUGUST 15, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

DORIS, J. This petition for review under the Workmen's Compensation Act is brought by an employee who, on November 5, 1969, suffered an injury to his right knee. The parties and the respondent's insurer entered into a preliminary agreement wherein the average weekly wage of the employee, prior to the injury, was determined to be $111.

In the fall of 1970, employee secured a job as a parking-lot attendant. The employer thereupon filed a petition to review employee's earning capacity. After hearing and decision before the trial commissioner, a decree was entered on December 23, 1970, wherein it was established that at the time of the hearing employee was employed as a parking-lot attendant earning $78 weekly. The trial commissioner found that employee was partially disabled, and that he had an earning capacity of $78 weekly. The decree ordered employer to pay compensation for partial incapacity in accordance with G. L. 1956 (1968 Reenactment) §28-33-18, as amended, but not more than $19.80 weekly. No appeal was taken from the decree.

On September 21, 1971, employee became unemployed. He notified employer, who refused to pay any compensation in excess of $19.80 weekly. The employee filed a petition for review alleging that his incapacity for work had increased. At the time of the hearing, employee had obtained employment at a restaurant, on a part-time basis, at a weekly salary of $50 commencing January 24, 1972.

The trial commissioner rendered a decision on the employee's petition for review in which he found that the decree of December 23, 1970, had established an earning capacity by employee of $78 weekly, and also that at the time of entry of the decree employee was employed as a parking-lot attendant earning $78 weekly. He further found that employee was employed at a restaurant, earning a salary of $50 weekly, and that employee remained partially incapacitated.

A decree was entered on February 17, 1972, wherein employer was ordered in the future to pay to employee partial disability benefits in accordance with §28-33-18.

The employee appealed the decree to the full commission which, after hearing, affirmed the decree appealed from. The cause appears before us on employee's appeal from the decree of the full commission.

The employee contends that pursuant to §28-33-18, an employee who is partially incapacitated is entitled to compensation benefits, and argues that benefits are computed on the basis of the employee's wages or earnings as related to his earnings before the injury, without regard to the employee's earning capacity.

The employee, citing *Podborski* v. *William H. Haskell Mfg. Co.*, 109 R. I. 1, 279 A.2d 914 (1971), contends that under §28-33-18, as amended by P. L. 1969, ch. 146, sec. 1,[1]

---

[1]General Laws 1956 (1968 Reenactment) §28-33-18, as amended by P. L. 1969, ch. 146, sec. 1, reads as follows:

"Weekly compensation for partial incapacity.—While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages, earnings or salary before the injury and the weekly wages, earnings or salary which he earns thereafter, but not more than the maximum weekly compensation rate for total incapacity as set forth in §28-33-17. In the event partial compensation is paid, in no case shall the amount of such com-

the commission no longer has the right to establish earning capacity in the case of a partially incapacitated employee and that the amount of compensation to be paid to such an employee is a sum equal to sixty per cent of the difference between his average weekly wages, earnings or salary before the injury, and the weekly wages, earnings or salary he earns thereafter. The case at bar is distinguished from *Podborski* since in that case the injured employee had not returned to gainful employment, whereas here, the employee, although partially incapacitated, returned to gainful employment and a determination of his earning capacity had been made by the decree of December 23, 1970.

In this state, workmen's compensation benefits are not paid to a worker because of his physical disability, but because he has, as a result of his injury, suffered an impairment of his earning capacity. *Geigy Chemical Corp.* v. *Zuckerman*, 106 R. I. 534, 261 A.2d 844 (1970); *Peloso, Inc.* v. *Peloso*, 103 R. I. 294, 237 A.2d 320 (1968). In a petition for review by the employer to decrease or discontinue payments the burden is on the employer to prove that the incapacity for which an employer is paying compensation has either diminished or ended. On the other hand, when an injured employee has returned to employment and a determination has been made of his earning capacity, in order for the employee to prevail on a petition for review as here for the purpose of increasing compensation payments, he must show by a fair preponderance of the evidence an increase in the incapacity to work.

The employee, in his petition for review, alleged that his incapacity for work had increased or returned by reason

---

pensation be more than thirty-two thousand five hundred dollars ($32,500) and where total disability and partial disability are paid for the same injury, the total amount in combined benefits shall not exceed thirty-two thousand five hundred dollars ($32,500)."

of his injury. The trial commissioner held that it was employee's burden to demonstrate that his incapacity had increased or returned by reason of the injury and that since he had introduced no evidence showing that his incapacity for work had increased, but that he had become unemployed only for economic reasons, the employee had failed to sustain that burden. The trial commissioner based his decision on a finding contained in the decree of December 23, 1970, that the employee had an earning capacity of $78 weekly and ruled that in order to prevail on a petition for review to increase workmen's compensation payments, the burden was on the employee to show that his earning capacity had decreased since the entry of that decree. The full commission affirmed the trial commissioner and rested its decision on the ground that the employee had failed to demonstrate a change in earning capacity.

In effect, what employee argues is that at a hearing to review a preliminary agreement brought by the employer, the trial commissioner exceeded his authority under §28-33-18 when he included in the decree the maximum amount for which the employer was responsible, based on an earning capacity of $78 weekly, not to exceed payment of $19.80 weekly. Since that decree was not appealed from, that argument cannot now be raised by the employee's petition for review. The only question before us is whether or not the full commission erred when it affirmed the findings and orders of the trial commissioner. Since the rule is clear that in a petition for review to increase payments the burden is on the employee, the trial commissioner properly applied the law and we do not fault the full commission in affirming the decree of the trial commissioner.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded

to the Workmen's Compensation Commission for further proceedings.

Petition for reargument denied.

Mr. Justice Joslin did not participate.

*Anthony E. Grilli, Paul J. DiMaio,* for petitioner.

*John G. Carroll, Robert K. Pirraglia,* for respondent.